[Civ. No. 43675. Second Dist., Div. Five. Feb. 5, 1975.]

RAYMOND F. WOOD, Plaintiff and Appellant, v.
CITY CIVIL SERVICE COMMISSION OF THE CITY OF LOS
ANGELES, Defendant and Respondent.

### COUNSEL

Gladys Towles Root for Plaintiff and Appellant.

Burt Pines, City Attorney, John B. Rice, and Robert E. Thomson, Assistant City Attorneys, and Henry G. Morris, Deputy City Attorney, for Defendant and Respondent.

### OPINION

**LORING, J.**\*—Raymond F. Wood (Wood) filed a petition for writ of mandate against the City Civil Service Commission of the City of Los Angeles (Commission) alleging that he had been employed in a civil service job as an ambulance driver for the fire department; that he had been discharged January 14, 1971, for alleged violation of Penal Code section 647, subdivision (a) (solicitation to engage in lewd conduct); that he had entered a plea of guilty to disturbing the peace; that he appealed to Commission to reverse such discharge; that Commission scheduled a hearing for 10 a.m., September 29, 1971; that Commission had a duty to

---

\*Assigned by the Chairman of the Judicial Council.

conduct a full and fair hearing but did not do so inasmuch as his counsel was engaged in trial and requested a continuance; that Commission commenced the hearing at 10:30 a.m. in the absence of counsel, concluded the hearing at 11 a.m., and his counsel arrived at the hearing room at 11:40 a.m.; that by reason thereof he was not able to cross-examine witnesses against him or present evidence in his behalf, all of which violated his rights under the Fourteenth Amendment of the United States Constitution; that thereafter, on November 9, 1971, he demanded that Commission conduct a full, complete and fair hearing which it refused to do; that Commission failed to perform a duty specially enjoined by law. The petition also attacked the sufficiency of the evidence to support the order affirming the discharge. An alternative writ was issued. The Commission answered. After hearing the alternative writ was discharged and a peremptory writ was denied. Wood's request for findings of fact and conclusions of law was denied—and judgment was entered from which this appeal was taken.

## CONTENTIONS

Appellant contends:

I   The hearing violated due process of law.

II   Commission abused its discretion in proceeding without appellant's counsel.

III   The issue of appellant's unfitness for public service having been determined by the criminal courts was res judicata.

IV   That appellant did not in fact engage in acts unbecoming a public employee.

V   Appellant was discriminated against because he was allegedly a homosexual.

VI   The judgment of the superior court was contrary to law and appellant is entitled to a new hearing before Commission.

## FACTS[1]

In his petition Wood alleged: "The Commission had been informed the day before that his attorneys were engaged in trial and would like a

---

[1]Since we conclude that Wood was deprived of a fair hearing which requires reversal, we recite only the facts which relate to that issue.

continuance. The hearing was to commence at 10:00 a.m. It actually was commenced at 10:30 a.m. and it adjourned at 11:00 a.m. At 11:40 a.m. Mr. Nungesser arrived as counsel for the Petitioner herein but was not permitted to act as counsel. A copy of a letter confirming the time sequence is attached hereto and marked Exhibit 'A'."

The material parts of Exhibit A[2] referred to read as follows: "This will confirm information given to Mr. Nungesser on his arrival at my office at 11:40 a.m. on September 29, 1971 that all other parties were ready to proceed at 10:00 a.m. and that the Committee of Examiners waited for a representative from your office until 10:30 a.m. whereupon the Department was instructed to proceed with the presentation of its case.

"The Hearing adjourned at 11:00 a.m. at which time the Examiners indicated they would hold their comments and decision on the matter until such time as you obtained and reviewed the transcript of the proceedings and forwarded your comments thereon to them."

These allegations of the petition were admitted by the answer.

In the petition, which was filed on behalf of Wood requesting Commission to reconsider, which was signed by Gladys Towles Root, she declared:

"It will be noted that the hearing in this matter was set for 10:00 a.m. on September 29, 1971. That on September 28, 1971 MRS. ROOT's office secretary notified the secretary of the Hearing Commissioner that MRS. ROOT, Attorney of Record and her associates, K. E. NUNGESSER were both engaged in trial and asked for a continuance of the matter, MRS. ROOT having been engaged in trial of People v. Richard Thompson in Superior Court in Norwalk, California, and MR. NUNGESSER in Department 108 in Superior Court on People v. Jack Williams, Los Angeles, California."

In a further declaration Mrs. Root declared: "When my Secretary informed me that no answer had been given to her request to the commission for a continuance, I told her to call the Commission and tell them Mr. Nungesser would appear late to ask for a continuance. I was informed by my Secretary that she so notified the Los Angeles City Civil Service Commission."

---

[2]The letter was on what appears to be the official stationery of Commission and was signed by the Commission by its secretary.

Commission filed a declaration by its secretary which declared in part:

"That on September 27, 1971, I received a call from the secretary of Gladys Towles Root, attorney for Petitioner Raymond F. Wood, requesting a continuance in the Civil Service hearing on the appeal from discharge of Petitioner Wood, said hearing being set for September 29, 1971. Although my recollection is not perfectly clear, I believe that I told the secretary that I would try to reach Commissioner Wadsworth, the hearing officer, to obtain approval for such a continuance, but in the event I could not it would be necessary for Counsel to appear.

"That thereafter I attempted unsuccessfully to reach Commissioner Wadsworth, who was out of town.

"That on September 28, 1971, I was called by the secretary of Gladys Towles Root and was advised that Mr. Nungesser, the associate attorney, would appear at the hearing.

"That on September 29, 1971, at 9:55 a.m., I received a call either from Mr. Nungesser or his secretary advising this office that Mr. Nungesser was in Van Nuys that morning in Superior Court and would be a few minutes late in arriving at the discharge hearing, and I communicated this information to Commissioner Wadsworth."

In the petition requesting Commission to reconsider the matter, reference was made to the transcript of the hearing before Commission in which Wood was quoted as follows: " 'Sir, respectfully, my attorney advises me not to say anything unless she is present.' The record further shows that Mr. WOOD was thereafter silent throughout the testimony of the two police officers. That the hearing was concluded without an attorney appearing to represent MR. WOOD."

The minute order of the superior court which denied the peremptory writ reads in part as follows: "Counsel argue. The petition for peremptory writ of mandate is denied. The alternative writ of mandate is discharged. The Court applies the substantial evidence rule in this matter and finds and determines that there is substantial evidence to support the decision of the Commission."

The minute order of the superior court which refused findings reads in part as follows: "Findings of Fact and Conclusions of Law are not required in proceedings governed by the substantial evidence test. *Savelli* v. *Board of Medical Examiners* (1964) 229 CA2d 124, 131, CR 171, 175.

The Court on September 18, 1973 applied the substantial evidence test in this action. Therefore, the request for findings of fact and conclusions of law is denied."

## DISCUSSION

The fact is admitted by the pleadings and declarations in this case that, through no fault of his own Wood was subjected to a civil service discharge review proceeding without benefit of counsel although he had employed counsel for that purpose; that as a consequence his side of the case was never presented to Commission, and the order of discharge was affirmed by Commission.

To characterize the problem as charitably as possible to both sides, there was at least a breakdown in communications between counsel for Wood and Commission. We do not determine who was at fault. It is sufficient that in our view of this record both counsel for Wood and Commission failed in their duty to insure that Wood receive a fair hearing. It may not be in our power to effect appropriate remedial action (if any is required) against counsel for Wood, but we do have such power insofar as Commission is concerned.

In our view, Commission as a quasi-judicial body was bound by the same elemental principle that true judicial bodies are bound by—to make certain that hearings before it are conducted fairly. As was said in the early case of *Pratt* v. *Pratt,* 141 Cal. 247 at page 252 [74 P. 742]: "The trial of a case should not only be fair in fact, but it should also appear to be fair. And where the contrary appears, it shocks the judicial instinct to allow the judgment to stand." (Cited with approval in *Webber* v. *Webber,* 33 Cal.2d 153 [199 P.2d 934]; *Rosenfield* v. *Vosper,* 45 Cal.App.2d 365 [114 P.2d 29]; *McVey* v. *McVey,* 132 Cal.App.2d 120 [281 P.2d 898].) In our view, the record in this matter discloses that Wood did not receive a fair hearing in *fact* and he did not *appear* to receive a fair hearing. The error was compounded when the Commission denied the petition of Wood for a rehearing. As was said in *Hellings* v. *Wright,* 29 Cal.App. 649 at page 656 [156 P.2d 365]: "Such action [granting a rehearing] was not only within the discretion of the trial judge, but *it was plainly his duty to see that the cause should not be defeated by the mere inadvertence of counsel for respondent.* It seems sometimes to be thought that the highest prerogative of the trial court is to conduct the proceedings so that the cause may be won or lost by virtue of some technical advantage. The truth is, of course, that the trial court should see, if possible, that the case is tried upon its merits and decided fairly and justly." (Italics ours.)

The minute order of the superior court indicates that it refused to issue a peremptory writ because of its finding that the ruling of Commission was based on "substantial evidence." In view of the fact that the hearing was one-sided, unfair, and Wood's case was never presented or heard, it is not surprising that there is substantial evidence to support Commission's decision. Whether or not there was substantial evidence to support the Commission's decision was only one issue tendered to the superior court.[3] The court was also required to determine whether or not the hearing was fairly conducted. The superior court never determined that issue. Since the evidence is substantially undisputed, we will determine that issue as a matter of law. We conclude, as a matter of law, therefore, that Wood never received a fair hearing before Commission and that it abused its discretion in denying Wood's request for rehearing.

We are painfully aware of the frustrations to which trial judges and hearing officers are subjected by counsel engaged in other trials.[4] Our own experience persuades us that far too frequently too many members of the legal profession are not only inconsiderate of the problems of trial judges and hearing officers, but their conduct frequently borders on discourtesy and disrespect. Even when this is true, judges and hearing officers should be careful that the rights of innocent litigants are not unfairly denied because of the judges' or hearing officers' ire and frustration at the conduct of counsel. The reason for the rule that trials and quasi-judicial hearings must not only be fair in fact, they must also appear to be fair, is that judicial officers possess no real power except that which is derived from the respect and confidence of the people. Judicial power will not long endure if public respect and confidence is destroyed because judicial power is exercised in an unfair manner or appears to be exercised in an unfair manner.

In view of our conclusions, we deem it inappropriate to discuss or decide other issues raised which should properly be decided by Commission in the first instance.

The judgment is reversed with directions to the trial court to issue a peremptory writ of mandate in usual form directing Commission to rehear the matter of the discharge of Wood.

Kaus, P. J., and Stephens, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 2, 1975.

[3]At oral argument Commission conceded that reversal was required under *Strumsky* v. *San Diego County Employees Retirement Assn.*, 11 Cal.3d 28 [112 Cal.Rptr. 805, 520 P.2d 29], which was decided after the superior court heard this matter. Since *Strumsky*, the substantial evidence rule is no longer the test. Under *Strumsky* the superior court is required to make its own evaluation of the evidence.

[4]In fact the problem also includes appellate courts. In the case at bar counsel for appellant was two and one-quarter hours late in appearing for oral argument on appeal.