[Civ. No. 40815. First Dist., Div. Two. Aug. 23, 1979.]

RICHARD C. WEST et al., Plaintiffs and Appellants, v.
CITY OF BERKELEY et al., Defendants and Respondents.

COUNSEL

Carroll, Burdick & McDonough, Christopher D. Burdick, Gillin & Jacobson and Ralph L. Jacobson for Plaintiffs and Appellants.

Michael Lawson, City Attorney, and Charles O. Triebel, Jr., for Defendants and Respondents.

OPINION

GREGG, J.*—Appellant Richard C. West, while employed by respondent city as a police officer, received a notice of termination from respondent Taylor, the City Manager of the City of Berkeley, notifying him he was terminated as a police officer effective December 2, 1975. This notice set forth specifically the charges, consisting of refusals to obey lawful orders of superior officers (a violation of Police Reg. 256) and a failure to submit over 600 investigative reports from June 1974 through August 1975 (a violation of Police Reg. 276).

West filed a timely notice of appeal with the city's personnel board which thereafter held hearings. At the conclusion of the hearings four members of the personnel board recommended reinstatement and two members disagreed. Both the majority and minority recommendations were forwarded to the city manager.

After considering both the majority and minority reports the city manager found that West was properly terminated but that he should be rehired, not as a matter of right, upon the second available vacancy on the police force and be on probation thereafter for one year on certain conditions.

West, joined by the Peace Officers Research Association of California, instituted the within administrative mandamus proceeding within the

*Assigned by the Chairperson of the Judicial Council.

provisions of section 1094.5 of the Code of Civil Procedure. They contend: 1) the city manager had no power to substitute his own findings for those of the personnel board; 2) the trial court did not exercise its independent judgment; 3) the trial court erred in not making findings of fact and conclusions of law; and 4) appellant is entitled to back pay from the date of termination to the date of the personnel board hearing.

### I. *Did the city manager have the right to substitute his findings for those of the personnel board?*

There are two reasons why the answer must be yes. First, the City of Berkeley is a charter city and its charter, subject to conflicting constitutional provisions and preemptive state law, is the supreme law of the city. (*San Francisco Fire Fighters* v. *City and County of San Francisco,* 68 Cal.App.3d 896 [137 Cal.Rptr. 607]). The city charter provides in section 28, the city manager has the power and duty "to appoint, discipline or remove all officers and employees of the City, subject to the Civil Service provisions of this Charter." (Subd. (b).) The city has adopted a personnel ordinance (No. 2342-N.S.) which provides in section 3: "DUTIES OF THE PERSONNEL BOARD. . . . (c) To act in an advisory capacity to the City Manager on problems concerning personnel administration," and in section 4, "POWERS OF THE CITY MANAGER. . . . [T]he City Manager . . . shall retain power to . . . suspend or dismiss employees . . . ." It is thus clear that the personnel board is advisory and the power of disposition is in the city manager.

Secondly, the personnel board made no findings, their *recommendation* to the city manager being based on a claimed failure of the department to have acceptable standards.

### II. *Did the trial court exercise its independent judgment?*

*Perea* v. *Fales,* 39 Cal.App.3d 939 [114 Cal.Rptr. 808], relied on by appellants, sustains their position that the termination involves a fundamental vested right requiring the trial court to exercise its independent judgment. Appellants argue the lack of findings and the language of the trial court's order reading "the Court finds no abuse of discretion on the part of the City Manager and further finds that he did not act arbitrarily or capriciously in his action with respect to petitioner," indicate the trial judge did not exercise his independent judgment.

This case, however, is one in which, as appellants state in their opening brief, "The facts are not in dispute." The numerous violations of department regulations are admitted. The most that can be said for the defense tendered before the personnel board is to denominate it confession and avoidance. The prior suspensions were admitted, the last being a 60-day suspension approved by the personnel board. The city manager considered both the majority and minority recommendations of the personnel board. The findings of the city manager were the only possible ones on the record, and the punishment was well within reasonable bounds.

On this record, as a matter of law, there were no questions of fact to resolve, no evidence to weigh, no independent judgment to exercise (*David Kikkert & Associates, Inc.* v. *Shine,* 6 Cal.App.3d 112 [86 Cal.Rptr. 161]).

III. *Did the trial court err in denying appellants' request for findings?*

The petition was submitted on the transcript of proceedings before the personnel board and argument. No evidence was offered, or received, in the trial court. As pointed out above, there were no issues of fact to weigh or resolve. The administrative findings of the city manager being supported by uncontradicted evidence, the function of the trial court became one of law. Findings of fact accordingly were not required. As said in *David Kikkert & Associates, Inc.* v. *Shine, supra,* 6 Cal.App.3d 112, 116, "As to decisive facts which are *undisputed* . . . , however, the superior court cannot assess the 'weight' of evidence thereof which is uncontradicted, nor exercise its 'independent judgment' with respect to such evidence, because the determination of its effect presents a question of law alone."

IV. *Is appellant West entitled to back pay?*

Appellants argue West is entitled to back pay for the period between termination and the personnel board hearing, on the·theory he was denied pretermination due process as defined in *Skelly* v. *State Personnel Bd.,* 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774]. *Skelly* mandates pretermination procedural safeguards consisting, at minimum, of "notice of the proposed action, the reasons therefor, a copy of the charges . . . and the right to respond, either orally or in writing, to the authority initially imposing discipline." (P. 215.) The reason for this is said to be to

" 'minimize the risk of error in the initial removal decision . . .' " (p. 214).

West was terminated on December 2, 1975, and the personnel board hearing commenced January 24, 1976. Respondents concede West was not given the safeguards required by *Skelly* and should receive back pay for the period in question.

The judgment denying the writ on its merits is affirmed and the matter remanded to the trial court for the sole purpose of determining the amount of back pay due West for the above period.

Each party to bear its own costs.

Taylor, P. J., and Miller, J., concurred.

A petition for a rehearing was denied September 21, 1979, and the opinion was modified to read as printed above.