[No. C003471. Third Dist. May 14, 1990.]

WILLIAM VOLLSTEDT, Plaintiff and Appellant, v.
CITY OF STOCKTON, Defendant and Respondent.

COUNSEL

John Kappos and Terry Snyder for Plaintiff and Appellant.

Christopher K. Eley for Defendant and Respondent.

OPINION

DAVIS, J.—

## INTRODUCTION

Appellant William Vollstedt, a permanent employee of respondent City of Stockton (hereafter, the City), was demoted from mechanical maintenance supervisor to mechanic. Following a two-day hearing, the City's civil service commission (Commission) determined that the evidence was insufficient to support a finding that the demotion was proper. The Commission forwarded its advisory recommendation to the city manager (City Manager). Without reviewing the evidence presented at the hearing and without the benefit of a written statement of facts prepared by the Commission, the City Manager rejected the Commission's recommendation and decided to uphold the decision to demote based on information supplied by the City's personnel director. Appellant petitioned for a writ of mandate,

contending he was denied a fair hearing and that there was not good cause for his demotion. In denying the petition, the Superior Court determined that appellant had been afforded a fair hearing and that there was good cause for his demotion. Appellant now raises the same issues on appeal.

We hold that the trial court erred in concluding that appellant had been given a fair hearing. Under the circumstances of this case, due process required that the City follow the procedure codified by its own ordinance. It further required that the City Manager refrain from making his decision based on evidence that the appellant had no notice of nor an opportunity to controvert. Here the applicable city ordinance requires that after a hearing before the civil service commission a statement of facts will be prepared by the Commission and transmitted to the final decision maker, the City Manager. This was not done. The City Manager's decision to proceed without such a statement or a review of the tapes or transcriptions of the Commission hearing, coupled with his decision to reject the Commission recommendation based on evidence supplied by the City's personnel director, denied petitioner due process and violated the fundamental principle that "he who decides must hear." Petitioner is entitled to a decision by the City Manager based on evidence presented at the Commission hearing.

Where, as here, appellant is asserting a right to have a decision made by the City Manager based on evidence presented at his hearing and there is a "real doubt" as to whether the same action would have been taken upon a proper assessment of the evidence, the trial court's independent review of the evidence presented at the hearing will not cure the error. We will order the trial court to issue a writ of mandamus requiring the City to vacate its order sustaining petitioner's demotion and to afford him a fair, independent review in accordance with this opinion.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 26, 1986, appellant received a "Skelly"[1] letter from Tom Dosh, director of municipal utilities, notifying him of Dosh's intention to recommend that appellant be demoted from mechanical maintenance supervisor in the City's waste water division, to mechanical maintenance worker. The letter stated the basis for this recommendation was that " 'the Mechanical Maintenance section's ineffectiveness is directly related to your supervisory performance which has also contributed to poor employee morale.' Your management style has not been effective in developing and encouraging many employees' productivity."

---

[1] *Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774].

The letter then cited three examples of conduct by the appellant which contributed to the ineffectiveness and poor morale of the section. "1. As a supervisor, you have threatened and intimidated your subordinates by denying Miller and Warmsley due process, forbidding them to go to the next level of authority, asking Clyde Dunsing, Union Steward, to deliver a threat with disciplinary action if they went over your head. (2) You made statements regarding Harvey Ramsey's stuttering, that people think he has a mental problem, and that it would be hard for him to advance. You also made the statement (it would be hard for Ramsey to advance because of his stuttering), that was heard by Delbert Miller, Lester Barnes, Manuel Rosas, Paul Stovall and Clyde Dunsing. (3) You also made a false statement to Max Gallegos regarding letters that were supposedly written by George Matzek and Clyde Dunsing declaring his incompetence as an electrician as the reason he did not get the Lead Instrument Repair Technician position."

The civil service commission held a two-day hearing at which evidence was presented of these and other incidents. The additional incidents included allegations of racist and sexist remarks. Appellant's counsel objected to lack of notice of these incidents, but later agreed to proceed with all issues. In light of our conclusion that it is the denial of due process rather than a lack of substantial evidence which require reversal, it is unnecessary to set forth the evidence presented at the Commission hearing.

On a vote of three-to-one, the Commission issued a "decision" stating in pertinent part, "that the evidence presented concerning Mr. Vollstedt's conduct as a supervisor was insufficient to support a finding that the action taken to demote Mr. Vollstedt was proper. [¶] The Civil Service Commission recommends to the appointing authority that William Vollstedt be reinstated to a position within the Municipal Utilities District and restored to his former pay level. It is further recommended that the reinstatement be made retroactive without loss of pay or benefits to William Vollstedt." The written "decision" prepared by the Commission did not contain a statement of facts.

On August 27, 1986, City Manager Edward Griffith rejected the recommendations of the Commission and upheld appellant's demotion. In the trial court, Griffith testified that, in making this decision, he did not listen to the tapes of the evidence taken at the Commission hearing or read transcripts of those tapes.[2] He discussed the matter with City Personnel Direc-

---

[2] Code of Civil Procedure section 1094.5, subdivision (e) provides: "Where the court finds that there is relevant evidence which, in the exercise of reasonable diligence, could not have been produced or which was improperly excluded at the hearing before respondent, it may enter judgment as provided in subdivision (f) remanding the case to be reconsidered in the light of that evidence; or, in cases in which the court is authorized by law to exercise its inde-

tor Roger Fong and relied on a report prepared by the personnel department. Appellant was not present during Griffith's discussion with Personnel Director Fong. This action resulted in appellant's demotion and loss of $651 per month in pay, various benefits, and loss of the use of a city vehicle.

On September 5, 1986, appellant filed a petition for writ of mandate to compel reinstatement of position and for damages. On August 20, 1987, following a hearing, the court found that "[t]here was sufficient procedural due process; they (City of Stockton) have not violated any of Mr. Vollstedt's due process procedures."

On September 21, 1987, a second hearing was held to determine whether the City had good cause to demote appellant from his supervisory position. At this hearing, the transcripts of the two-day civil service Commission hearing were admitted into evidence for the court's independent review.

On October 15, 1987, the trial court issued its order determining that the City had good cause to demote appellant "for the lack of proper supervisory skills." In reaching its conclusion, the court made eight separate findings of various incidents, including those alleged in the original "Skelly" letter notifying defendant of his impending demotion.[3] ■■■■ On November 20, 1987, appellant filed his notice of appeal from the "judgment or order dated October 15, 1987.[4]

---

pendent judgment on the evidence, the court may admit the evidence at the hearing on the writ without remanding the case."

[3] The trial judge's findings were as follows: "(1) Petitioner asked Clyde Dunsing, Union Steward, to deliver a threat of disciplinary action to Delbert Miller and Murphy Warmsley if they presented a grievance to his superior and that said threat was delivered by Mr. Dunsing. [¶] (2) Petitioner, at the meeting with Delbert Miller and Murphy Warmsley, became so emotionally distraught that he threw a chair within the office. [¶] (3) Petitioner remonstrated with his superior concerning the Miller-Warmsley matter when they requested that they speak to petitioner's supervisor outside of petitioner's presence. [¶] (4) Petitioner made statements regarding Harvey Ramsey's stuttering and that people think he has a mental problem, and therefore, it would be difficult for him to be promoted. [¶] (5) Petitioner made a false statement to Max Gallegos to the effect that George Matzek and Clyde Dunsing wrote a letter to the effect that Max Gallegos was incompetent and that this was the reason that Max Gallegos did not get the Lead Instrumentation Repair Technician position. [¶] (6) Petitioner made derogatory remarks to Paul Stovall concerning the genitals of Mr. Stovall's wife of Chinese ancestry. [¶] (7) Petitioner remarked that the presence of the first female employee in his department had caused the area to resemble a 'whorehouse'. [¶] (8) Petitioner stated, in reference to Murphy Warmsley, that he wouldn't promote that 'nigger.' "

[4] The general rule is that an appeal lies from an order of the superior court denying a petition for writ of mandate. (*Ross* v. *Municipal Court* (1975) 49 Cal.App.3d 575 [122 Cal.Rptr. 807]; *Mellinger* v. *Municipal Court* (1968) 265 Cal.App.2d 843, 845 [71 Cal.Rptr. 535]; Code Civ. Proc., § 1064; *Kingston* v. *Dept. of Motor Vehicles* (1969) 271 Cal.App.2d 549 [76 Cal.Rptr. 614]; *Cody* v. *Justice Court* (1965) 238 Cal.App.2d 275 [47 Cal.Rptr. 716].) "However, whether an order denying a writ of mandate is appealable depends on whether further orders are contemplated. Where the trial court denies the petition and contemplates no fur-

## FAIR HEARING

The City of Stockton has adopted a civil service system with the goal of establishing an equitable and uniform procedure for dealing with personnel matters. Under this system, a personnel department was created which consists of civil service commission and the City Manager, who acts as personnel officer. Appellant was demoted pursuant to the authority contained in Stockton Municipal Code section 2-003 (D) and Civil Service rules XII and XIV, section 3.[5] This regulatory scheme provides that an employee may be demoted for good cause; that the employee may then appeal to the civil service commission which shall hear the appeal and prepare and transmit to the City Manager a written statement of facts, findings and recommendations; and that the recommendations of the Commission are advisory only, with the final decision resting with the City Manager.

The trial court determined that rule XIV's procedure of allowing the City Manager to substitute his determination for that of the civil service commission did not deny appellant due process. Appellant does not challenge this ruling. ■ Appellant argues that he was denied a fair hearing in the post-Commission review by the City Manager. The essential thrust of appellant's argument is that his due process right to a decision made by a decisionmaker with sufficient competent evidence was violated when the City Manager chose to make his decision without reviewing the evidence presented at the Commission hearing. He argues that the trial court's independent review of the civil service commission's record cannot cure that defect.

ther action or orders on appellant's petition, an appeal may be taken from the order. [Citations.]" (*Covina-Azusa Fire Fighters Union* v. *City of Azusa* (1978) 81 Cal.App.3d 48, 56 [146 Cal.Rptr. 155].) In ordering that the "peremptory writ of mandate is denied," the trial court contemplated taking no further action and making no further orders on appellant's petition and the order is thus appealable.

[5] Rule XII of the City of Stockton Civil Service Rules and Regulations provides that "[a]n appointing authority may demote a subordinate employee whose ability to perform the duties of his position falls below standard, for disciplinary purposes, or for any other good cause . . . ." Under Stockton City Ordinance Section 2-003, "It shall be the duty of the Civil Service commission: D. APPEALS : As provided by rule, to hear appeals from dismissals, demotions or reductions submitted by any person in the competitive service, except those excluded therefrom, under Section 2-006 hereof. The Civil Service Commission shall prepare or cause to be prepared a written statement of facts, findings and recommendations on every appeal and shall transmit a duplicate thereof to the person involved, and to the Personnel Officer. The effect of the Commission's recommendations in case of discharge, demotion or reduction shall be advisory only . . . ." Civil Service Rule XIV, Section 3 provides that "When the employee is entitled to a hearing, the Commission shall hold a hearing on the action within ten (10) days after the appeal is filed. Within seven (7) days after the hearing the Commission shall submit a statement of findings and such recommendations as it considers appropriate with the appointing authority and employee concerned. Final decision shall, however, rest with the appointing authority."

■   Although a literal interpretation of Code of Civil Procedure section 1094.5, subdivision (a) leads to the conclusion that the administrative "trial" or hearing is limited to the actual proceeding in which evidence is received and considered, the question of whether the trial was "fair" encompasses posthearing actions of the agency as well.[6] (*English* v. *City of Long Beach* (1950) 35 Cal.2d 155, 158 [217 P.2d 22, 18 A.L.R.2d 547]; *La Prade* v. *Department of Water & Power* (1945) 27 Cal.2d 47, 51 [162 P.2d 13]; *Olive Proration etc. Com.* v. *Agri. etc. Com.* (1941) 17 Cal.2d 204, 210 [109 P.2d 918].)

It is undisputed that City Manager did not review the tapes or transcriptions of the evidence taken at the Commission hearing prior to making his decision. Nor did he review a summary of such evidence as provided for in Civil Service rule XIV, section 3, since the Commission failed to submit one to him. Griffith relied on information provided by Personnel Director Fong.[7]

■   On appeal, the trial court's decision whether appellant received a fair administrative trial will be upheld if it is supported by substantial evidence. (*Western Air Lines, Inc.* v. *Schutzbank* (1968) 258 Cal.App.2d 218, 226 [66 Cal.Rptr. 293].) However, when, as here, the evidence is substantially undisputed and the fair trial issue presents a question of law, we will exercise our own judgment. (See *Wood* v. *City Civil Service Commission* (1975) 45 Cal.App.3d 105, 119 [119 Cal.Rptr. 175].)

---

[6] Code of Civil Procedure section 1094.5, subdivision (a) provides in pertinent part: "Where the writ is issued for the purpose of inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested in the inferior tribunal, corporation, board, or officer, the case shall be heard by the court sitting without a jury. . . ."

Subdivision (b) provides in pertinent part: "The inquiry in such a case shall extend to the questions whether the respondent has proceeded without, or in excess of jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion . . . ."

[7] Roger Fong testified that he did not hear any of the evidence presented before the Commission or review the tapes or transcripts of the civil service commission. Mr. Fong was aware of the facts and circumstances, however, from previous investigations, interviews and grievance processes. He had personally conducted a grievance hearing filed against Mr. Vollstedt by the engineers' union. Appellant was present at this hearing and the witnesses were subject to cross examination. Warmsley, Miller, Denson, and Ramsey, who subsequently testified before the Commission, testified at this grievance hearing. On a separate occasion, Mr. Fong interviewed Paul Stovall regarding incidents about which Stovall later testified before the Commission. Mr. Fong was also aware of the facts because a detailed audit of the municipal utilities department was made during which a number of employees expressed their concerns about appellant's behavior. The audit was conducted in confidence. Fong later contacted those employees to determine if they were willing to testify against appellant publicly. Mr. Fong then discussed who the appropriate witnesses would be with the city attorney. It was this information which Mr. Fong used as his basis for making his recommendation to Mr. Griffith.

■ In demoting a permanent city employee, minimum due process standards require that the city provide the employee with adequate "notice of the proposed action, the reasons therefor, a copy of the charges . . . and the right to respond, either orally or in writing, to the authority initially imposing discipline." (*Skelly* v. *State Personnel Bd., supra*, 15 Cal.3d at p. 215.) Due process also requires that the final decision be made by an impartial authority (*Applebaum* v. *Board of Directors* (1980) 104 Cal.App.3d 648, 657 [163 Cal.Rptr. 831]), and that once a policy has been established, it be followed. (*Layton* v. *Merit System Commission* (1976) 60 Cal.App.3d 58, 63 [131 Cal.Rptr. 318].)

■ Here, the City properly notified appellant of its intended action and the reasons for the proposed action. The City then provided petitioner with an opportunity to appear and to respond to the charges before the civil service commission and to confront and cross-examine witnesses at that hearing. The Commission then prepared a written statement of its advisory recommendation, leaving the final decision to the appointing authority; i.e., City Manager Griffith. In so doing the Commission did not transmit to the City Manager a written statement of facts as required by Stockton City Ordinance 2-003.[8] Although the City Manager as final decisionmaker is authorized to substitute his decision for that of the civil service commission (see *West* v. *City of Berkeley* (1979) 96 Cal.App.3d 143, 146 [157 Cal.Rptr. 764]), he must do so by following the established procedure codified in Stockton's city ordinances. (*Layton, supra,* 60 Cal.App.3d at p. 63.) Stockton City Ordinance section 2-003 requires the civil service commission "to prepare or cause to be prepared a written statement of facts, findings and recommendations on every appeal. . ." which shall be transmitted to the City Manager as Personnel Officer. (Stockton City Ord., § 2-003(D).) Through this procedure the affected employee is assured that the facts presented at the Commission hearing are presented to the final decisionmaker. This requirement is not satisfied by a conclusory written recommendation of the type provided to the City Manager in this case. The written statement transmitted to the City Manager by the Commission after Mr. Vollstedt's hearing did not include a written statement of facts. The Commission thereby failed to satisfy the requirements under section 2-003.

The fact that Personnel Director Fong may have presented the City Manager with substantial evidence supporting his decision not to follow the recommendations of the Commission did not cure the error caused by the Commission' failure to transmit a statement of facts to the City Manager. Rather it led to further abuse of appellant's right to a fair hearing. A decisionmaker such as the City Manager, who is required by city ordinance

---

[8] See *ante*, footnote 6.

to make a determination after a requested hearing cannot act upon his own information, and nothing can be considered as evidence that was not introduced at a hearing of which petitioner had notice or at which he was present. (*English* v. *City of Long Beach, supra,* 35 Cal.2d at p. 158.) "A contrary conclusion would be tantamount to requiring a hearing in form but not in substance, for the right of a hearing before an administrative tribunal would be meaningless if the tribunal were permitted to base its determination upon information received without the knowledge of the parties. A hearing requires that the party be apprised of the evidence against him so that he may have an opportunity to refute, test, and explain it, and the requirement of a hearing necessarily contemplates a decision in light of the evidence there introduced." (*Id.* at p. 159.)

■ "Due process requires a fair trial before an impartial tribunal. Such a trial requires that the person or body who decides the case must know, consider and appraise the evidence. (*Hohreiter* v. *Garrison,* 81 Cal.App.2d 384, 401 . . . ; *Morgan* v. *United States,* 298 U.S. 468 . . . . )" (*Le Strange* v. *City of Berkeley* (1962) 210 Cal.App.2d 313, 325 [26 Cal.Rptr. 550].)

The fundamental principle that "the one who decides must hear" was set forth in *Morgan* v. *United States* (1936) 29 U.S. 468 [80 L.Ed. 1288, 56 S.Ct. 906]. The court held that a hearing, which was statutorily mandated prior to the making of a rate order by the Secretary of Agriculture, was not provided where the Secretary did not personally hear or read any of the evidence presented at the hearing, any of the oral arguments made or briefs submitted but obtained his information solely from consultations with subordinates. The court noted that the "hearing" is designed to afford the safeguard that the one who decides shall be bound in good conscience to consider the evidence, to be guided by that alone, and to reach his conclusion uninfluenced by extraneous considerations which in other fields might have play in determining purely executive action. The "hearing" is the hearing of evidence and argument. If the one who determines the facts which underlie the order has not considered evidence or argument, it is manifest that the hearing has not been given. (*Id.* at pp. 480-481 [80 L.Ed. at pp. 1294-1295].)

This principle was reexamined in *Hohreiter* v. *Garrison* (1947) 81 Cal.App.2d 384 [184 P.2d 323] in the context of a revocation of an insurance agent's license by the Insurance Commissioner. There, appellant argued that he was denied due process because the Insurance Commissioner adopted the findings and proposed decision of the hearing officer without reading or hearing the evidence produced before the officer. Such action was authorized by Government Code section 11517. In holding that section 11517 did not violate the constitutional requirement of due process, the

court distinguished between those cases in which the proposed decision is accepted and those cases in which it is rejected by the decisionmaker. The court noted that "[i]t is now settled that where the (Industrial Accident) commission adopts the facts found and the award recommended by the referee who has heard the evidence, it need not review the record; but if the commission makes a different finding and award it must itself review the evidence." (*Id*. at p. 398.) *Morgan* did not mandate a different result because it did not involve a hearing officer clothed with statutory power to recommend a decision and there was no statutory delegation of any power to the persons who heard the evidence.

Several years later, the Supreme Court noted that "[i]mplicit in the rule that it is not a denial of due process for the commission to base its award on a report of a referee although it does not review the record, is the corollary that if it reviews the evidence in the record it may validly make an award contrary to the referee's recommendation." (*Nat. Auto. & Cas. Co.* v. *Ind. Acc. Com.* (1949) 34 Cal.2d 20, 30 [206 P.2d 841].)

■ More recently, in *Samaan* v. *Trustees of the Cal. State University & Colleges* (1983) 150 Cal.App.3d 646 [197 Cal.Rptr. 856], involving an administrative appeal from a dismissal of a tenured professor, this court noted that the rule that "he who decides must hear" does not require that the decisionmaker peruse every exhibit or read every witness's entire testimony. Although the extent to which an independent study of evidence in the record is necessary is left to the good sense and discretion of the reviewing agency, an independent study is adequate, we held, if the decisionmaker "reviewed the record to a sufficient extent to enable him to make an informed judgment." (*Id*. at p. 661.)

■ Here, the City Manager's decision to proceed without a statement of facts in compliance with the City's established procedure or a review of the tapes or transcripts of the hearing, coupled with his decision to reject the Commission's recommendation based on information supplied by the City's personnel director, denied petitioner due process and violated the fundamental principle that "he who decides must hear." To afford Mr. Vollstedt due process the City Manager did not have to read the transcripts or listen to the tape recordings of the hearing before the Commission. Had one been prepared and transmitted, the City Manager could have relied on the Commission's written statement of facts. In this case, the Commission's written "decision" did not provide any statement of facts on which the City Manager could rely in making his decision. ■ Although, as noted in *Samaan*, the extent to which an independent study of the evidence is necessary to the exercise of informed judgment is left to the discretion of the agency, clearly a total absence of independent review is inadequate.

■ Respondent contends that any procedural errors that occurred at the administrative level were cured by the trial court's independent review of the evidence presented at the Commission hearing. Had appellant's only contention been that the decision is not supported by the findings or the findings are not supported by the evidence, such review would have indeed cured the harm caused by the procedural irregularities noted above. Such a contention would have presented the trial judge solely with a question of law that he is statutorily mandated to address and which he could fully review by reference to the evidence presented at the Commission hearing. (*Cooper* v. *State Bd. of Medical Examiners* (1950) 35 Cal.2d 242, 244-245 [217 P.2d 630, 18 A.L.R.2d 593]; Code Civ. Proc. § 1094.5.[9])

Here, however, appellant is seeking to have the adminstrative decision-maker exercise his discretion based on the evidence presented at the Commission hearing. The City Manager has yet to do so. It is obviously appellant's hope that once the City Manager reviews such evidence he will decide to follow the Commission's recommendation or impose a more lenient form of discipline. The independent review provided for in Code of Civil Procedure section 1094.5 presupposes that the administrator has, in fact, exercised his or her discretion in reliance on evidence presented at the hearing, either through a review of such evidence (see *Samaan, supra,* 150 Cal. App. 3d at p. 661) or adoption of the findings and proposed decision of the hearing officer or commission (see *Nat. Auto. & Cas. Co., supra,* 34 Cal. 2d at p. 30). To adopt respondent's argument would require the trial court to guess whether the City Manager would decide to uphold the appellant's demotion and would cast the court in the role of "making" the decision to demote rather than "reviewing" an administrative decision to demote.

■ It is well settled that in cases involving the imposition of a penalty or other disciplinary action by an administrative body, when it appears that some of the charges are not sustained by the evidence, the matter will be returned to the administrative body for redetermination in all cases in which there is a "real doubt" as to whether the same action would have been taken upon a proper assessment of the evidence. (*Miller* v. *Eisenhower Medical Center* (1980) 27 Cal.3d 614, 635 [166 Cal.Rptr. 826, 614 P.2d

---

[9] Code of Civil Procedure section 1094.5 provides in pertinent part:

"(b) The inquiry in such a case shall extend to the questions . . . whether there was any prejudicial abuse of discretion. Abuse of discretion is established if . . . the order or decision is not supported by the findings, or the findings are not supported by the evidence.

"(c) Where it is claimed that the findings are not supported by the evidence in cases in which the court is authorized by law to exercise its independent judgment on the evidence, abuse of discretion is established if the court determines that the findings are not supported by the weight of the evidence. In all other cases, abuse of discretion is established if the court determines that the findings are not supported by substantial evidence in the light of the whole record."

258]; *Bonham* v. *McConnell* (1955) 45 Cal.2d 304, 306 [288 P.2d 502]; *Cooper* v. *State Bd. of Medical Examiners, supra,* 35 Cal.2d 242, 252.) Here, the City Manager rejected the Commission's recommendation. In so doing, his reliance on information supplied by the City's personnel director to uphold appellant's demotion, coupled with his failure to review the evidence offered at the hearing, prevents this court, absent utter conjecture, from determining what action the City Manager would have taken upon a proper assessment of the evidence presented at the hearing. We believe that the instant case is one in which the principle of "real doubt" is properly applied.

Appellant's reliance on dicta in *Noguchi* v. *Civil Service Com.* (1986) 187 Cal.App.3d 1521, 1538 [232 Cal.Rptr. 394] for the proposition that the trial court's independent review of the evidence presented at the Commission hearing cured the procedural errors at issue is misplaced. The issues presented in *Noguchi* were whether the findings were supported by the evidence and whether there had been an abuse of discretion in the discipline imposed on Dr. Noguchi. (*Id.* at p. 1528.) The court addressed in dicta whether the administrative decisionmaker's alleged failure to adequately review the evidence presented at the hearing could be cured by the trial court's independent review of all such evidence. The court held that it could. (*Id.* at p. 1538.) Unlike the case before us, *Noguchi* did not present the court with an administrative decisionmaker who failed to consider any evidence presented at the administrative hearing. In *Noguchi,* and cases cited therein (*id.* at p. 1538), there was no "real doubt" that the administrative decisionmaker would have taken the same action upon a proper consideration of the evidence. (See *Moran* v. *Board of Medical Examiners* (1948) 32 Cal.2d 301, 308 [196 P.2d 20]; *Murphy* v. *Board of Medical Examiners* (1946) 75 Cal.App.2d 161, 162 [170 P.2d 510]; *Hohreiter* v. *Garrison, supra,* 81 Cal.App.2d 384, 401-402; *Tringham* v. *State Board of Education* (1958) 50 Cal.2d 507, 509 [326 P.2d 850].[10]

■ The case must be reversed and remanded to the trial court with directions to issue a writ of mandamus requiring the City to afford appellant an independent review based on the evidence presented to the Commission.

[10] In *Noguchi* v. *Civil Service Commission, supra,* 187 Cal.App.3d at page 1538, the court also cited *Cooper* v. *State Bd. of Medical Examiners, supra,* 35 Cal. 2d 242. There the court was being asked to find that the evidence did not support the findings made by the administrative decisionmaker. In so contending, appellant alleged the administrator erred in reading a transcript rather than attending the hearing. In dicta, the court held that even had such a procedure been in error, it would have been cured by the trial court's independent review of the evidence. The court then found that the evidence did not support one of several findings, concluded it could not tell whether the administrative decisionmaker would have imposed the same penalty absent that finding, and accordingly reversed and directed the trial court to remand the case to the board. (*Id.* at p. 252.)

■ "If a hearing has been denied or the evidence is insufficient to sustain the action of the board, and it is still possible for the board to hold a hearing or exercise its discretion, then the matter should be remanded to the board for further consideration rather than having a trial de novo in the superior court and requiring that court to exercise independent judgment on the facts which should be determined by the board." (*La Prade* v. *Department of Water & Power, supra*, 27 Cal.2d at pp. 53-54; see also 8 Witkin, Cal. Procedure (3d ed. 1985) Extraordinary Writs, § 253, p. 878; *English* v. *Long Beach, supra*, 35 Cal.2d 155, 159; *Fascination, Inc.* v. *Hoover* (1952) 39 Cal.2d 260, 268 [246 P.2d 656].) "The policy underlying such a rule is that the determination of the issues should first be made by the administrative agency. It is given jurisdiction for that purpose, and interference with that jurisdiction should not be permitted until it has been pursued to the point of exhaustion." (*Steen* v. *City of Los Angeles* (1948) 31 Cal.2d 542, 546 [190 P.2d 937].) The City Manager has yet to make a decision based on the facts presented at the Commission hearing. "If the case is not remanded, . . . (he) will not be afforded an opportunity to exercise his discretion in light of the established facts . . . ." (*Bonham* v. *McConnell, supra*, 45 Cal. 2d at p. 306.) Appellant is entitled to such a decision.

## DISPOSITION

We reverse the judgment and remand the cause to the superior court with directions to issue a writ of mandamus requiring the City of Stockton to vacate its order sustaining petitioner's demotion and to afford him a fair independent review in accordance with this opinion. Appellant is awarded his costs of appeal.

Puglia, P. J., and Sparks, J., concurred.

A petition for a rehearing was denied June 7, 1990.