[No. F030933. Fifth Dist. Dec. 16, 1999.]

JOSEPH GIUFFRE, Defendant and Appellant, v.
CARL SPARKS, Plaintiff and Respondent;
KERN COUNTY SHERIFF'S DEPARTMENT, Real Party in Interest.

**COUNSEL**

Robert F. Carbone for Defendant and Appellant.

B. C. Barmann, Sr., County Counsel, Margo A. Raison and John R. Irby, Deputy County Counsel, for Plaintiff and Respondent and for Real Party in Interest.

## OPINION

### BUCKLEY, J.—

#### STATEMENT OF THE CASE AND FACTS

On February 14, 1997, during an argument with a girlfriend, Senior Sheriff's Deputy Joseph Giuffre (Giuffre) threatened suicide. When questioned by his superiors about the incident, he admitted making the statement but denied any intention of suicide. As a result of this incident, on May 20, 1997, Giuffre was suspended from the SWAT team for a six-month period. At the time the suspension was issued, Giuffre had been a member of the SWAT team for 11 years and was ranked as a senior deputy. On September 3, 1997, which was prior to the expiration of the six-month suspension, Giuffre was involved in a dispute with his ex-wife, Winnifred Doane, over child visitation issues. During a long-distance telephone conversation, Giuffre threatened to kill Doane.

On February 3, 1998, the assistant sheriff issued a written reprimand to Giuffre stating that the threat to Doane constituted a "technical violation of the law" as well as a violation of the Kern County Sheriff's Departmental Policies and Procedures Manual. The written reprimand also stated that as a result of the two incidents, it was the intention of the sheriff's department to remove Giuffre from the SWAT team and issue a referral to the employee assistance program. The February 3, 1998, letter also notified Giuffre that he was entitled to "appeal this action through your chain of command to the Sheriff-Coroner" in accordance with departmental policy No. D-400.

Policy No. D-400 stated that departmental employees were not entitled to appeal written reprimands and disciplinary transfers to the civil service commission. The only avenue of recourse specified was an administrative appeal through the chain of command to the sheriff-coroner. The procedure established for the administrative appeal provided that the officer could submit a written account of the events, together with any pertinent documentation. The sheriff-coroner would then review the documentation, meet with the officer, and allow the officer to state his position.

Giuffre and his attorney participated in a hearing with the sheriff-coroner on February 11, 1998. Subsequently, the sheriff-coroner, Carl Sparks, issued a March 4, 1998, letter to Giuffre upholding the written reprimand and

removing the deputy from the SWAT team. The March 4 letter indicated, however, that pursuant to the February 11 hearing, Giuffre was eligible to reapply for assignment to the SWAT team after January 1, 1999, if there were no further "incidents of this nature." Because SWAT team members receive an additional 5 percent "skill" pay for serving on the team, as a consequence of being removed from the team, Giuffre's pay was reduced.

On March 4, 1998, Giuffre filed a petition for writ of mandate, contending that the action taken against him constituted a punitive action within the meaning of Government Code[1] section 3303, thus entitling him to an administrative appeal pursuant to section 3304. Giuffre asserted that he had been denied his administrative appeal right, and requested that the county be directed to afford him an appeal before the civil service commission. The county opposed the petition, asserting that the meeting with the sheriff-coroner constituted the administrative appeal to which Giuffre was entitled. In support of its position, the county filed the "MEMORANDUM OF UNDER-STANDING" (MOU) entered into between the County of Kern and the association representing sheriff's deputies. The MOU provided in article II, section 3, paragraph 11:

"11.  Departmental Reassignments:

"a.  The Union agrees that the Department has the right to reassign personnel based on the Sheriff-Coroner's discretion.

"b.  An employee departmentally reassigned by operation of Subsection (11) a. of this section has the right, under California Government Code § 3300, et seq., to appeal any alleged punitive action at an administrative hearing. An administrative hearing for this purpose is a hearing held by a senior officer within the Sheriff's Department at the rank of Assistant Sheriff or above. This administrative hearing procedure is separate and apart from the grievance procedure.

"c.  No such protested departmental reassignment shall take effect until such time as the employee has had his/her administrative hearing."[2]

---

[1] References to code sections are to the Government Code unless otherwise noted.

[2] The grievance procedure referenced in paragraph 11 was set forth in article XII of the MOU and provided for informal arbitration upon the filing of a grievance.

A hearing on the petition for writ of mandate was held on April 15, 1998, and the matter was taken under submission.[3] Code of Civil Procedure section 1094.5 sets out the procedure for obtaining judicial review of a final administrative determination by writ of mandate. Subdivision (b) of this code section provides that the "inquiry in such a case shall extend to the questions whether the [agency] proceeded without, or in excess of jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion. Abuse of discretion is established if the [agency] has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence." (*Fukuda* v. *City of Angels* (1999) 20 Cal.4th 805, 810 [85 Cal.Rptr.2d 696, 977 P.2d 693].) In its April 24, 1998, denial of the petition for writ of mandate, the Kern County Superior Court found that the meeting held on February 11, 1998, with the sheriff-coroner afforded Giuffre "the appeal procedure and hearing to which he was entitled." The court issued the following ruling constituting its statement of decision on the petition for writ of mandate:

"Petitioner, a Deputy Sheriff, Kern County, California, was assigned to the SWAT Team of the Sheriff's Department and served on that assignment for a number of years.

"After investigation by the Sheriff's Department on a complaint against petitioner of threats he made against a former wife, petitioner was reprimanded and, in the reprimand letter, he was notified of an intent to transfer him out of the SWAT Team assignment. Assignment to the SWAT Team carried a five percent of salary increase to petitioner while on such assignment. Removal or transfer out of SWAT cancelled the five percent payments petitioner received while a SWAT member.

"Petitioner was afforded an administrative appeal and hearing within the scope and provisions of the Memorandum of Understanding (MOU) (an agreement negotiated between Kern County and Kern Law Enforcement Association which represents deputy sheriffs). The hearing on the administrative appeal was before Sheriff Carl Sparks.

"Petitioner claims the reassignment out of SWAT was a demotion, with loss of pay (the five percent of salary SWAT members enjoy), and that the reprimand and reassignment out of SWAT was punitive in nature, requiring that he be afforded due process of law and appeals to the Court of any such

---

[3]A hearing on a petition for writ of administrative mandamus is a trial of a question of fact for purposes of Code of Civil Procedure section 632 and requires a statement of decision. (*Cooper* v. *Kizer* (1991) 230 Cal.App.3d 1291, 1301 [282 Cal.Rptr. 492].)

action of a demotion and loss of pay. Petitioner contends that the administrative appeal and hearing that he was afforded did not satisfy his right to due process.

"It is held that the Sheriff has the authority and discretion to assign and reassign deputies under his command to different duty categories in his department. Reassignment out of SWAT is not a demotion in rank or title of the deputy involved. It is not a reduction in pay of the deputy involved, even though it results in a loss of the 'perk,' five percent of salary that SWAT members receive. Petitioner naturally cannot expect to continue to receive such 'perk' when he is no longer a member of SWAT.

"Pursuant to the MOU, petitioner was accorded the appeal procedure and hearing to which he was entitled. He is not entitled to anything more, under the circumstances, even though he would have been entitled to a full evidentiary hearing, had he filed a 'grievance' with the Sheriff's department, which he did not do.

"The transfer out of SWAT was not a demotion or a dismissal from employment such as to require appeal rights beyond the administrative appeal which petitioner was afforded and which he used.

"It is noted that, as a result of the hearing before Sheriff Sparks, the written reprimand that petitioner received was modified to provide petitioner an opportunity for reinstatement to SWAT after January 1, 1999. The hearing that petitioner was given satisfied any due process rights that he had."

Giuffre filed his notice of appeal of the denial of the petition for writ of mandate on May 12, 1998. On July 9, 1999, this court requested supplemental briefing from the parties.

## Introduction

Both Giuffre and the county concede that the action taken against Giuffre constitutes a punitive action within the meaning of section 3300. They differ, however, on whether the meeting with the sheriff-coroner in accordance with departmental policy No. D-400 and paragraph 11 of the MOU satisfies the section 3304 requirement that Giuffre be afforded an administrative hearing with respect to any punitive action taken against him. In accordance with *Runyan* v. *Ellis* (1995) 40 Cal.App.4th 961 [47

Cal.Rptr.2d 356], we conclude that Giuffre was not accorded his full administrative appeal rights. Therefore, we reverse and remand for further proceedings consistent with this opinion.[4]

## DISCUSSION

Section 3304, subdivision (b), specifies that no punitive action may be taken against an officer unless the officer is provided with an opportunity for an administrative appeal. Although both parties agree that the reassignment from the SWAT team qualifies as a punitive action, they disagree as to what constitutes an opportunity for an administrative appeal. The county contends that the hearing before the sheriff-coroner, as provided for in the MOU, satisfies the requirements of section 3304, subdivision (b). Giuffre contends that he was entitled to a full evidentiary hearing before the civil service commission.

Section 3304 is part of the Public Safety Officers Procedural Bill of Rights Act (hereafter Bill of Rights Act). ■ In determining the scope of coverage under the Bill of Rights Act, we independently determine the proper interpretation of the statute and are not bound by the trial court's interpretation. (*Burden* v. *Snowden* (1992) 2 Cal.4th 556, 562 [7 Cal.Rptr.2d 531, 828 P.2d 672]; *Binkley* v. *City of Long Beach* (1993) 16 Cal.App.4th 1795, 1806 [20 Cal.Rptr.2d 903].) ■ Thus, although the trial court concluded that Giuffre's administrative appeal rights under section 3304 entitled him only to the meeting with the sheriff-coroner, and not a hearing before the civil service commission, we examine this interpretation of the statute on a de novo basis.

The Bill of Rights Act "provides a catalogue of basic rights and protections which must be afforded all peace officers by the public entities which employ them." (*Binkley* v. *City of Long Beach, supra,* 16 Cal.App.4th at p. 1805; *White* v. *County of Sacramento* (1982) 31 Cal.3d 676, 679 [183 Cal.Rptr. 520, 646 P.2d 191].) One such basic protection is the right to an administrative appeal of punitive actions. (§ 3304, subd. (b).) Punitive actions are defined in section 3303 as including "any action that may lead to

---

[4]In a supplemental brief filed in response to our request, the county urges that we not follow *Runyan* as its analysis of the issue presented there was dicta. The court held that the appellants (city) were collaterally estopped to relitigate the adequacy of the MOU procedure.

However, in making that ruling, the *Runyan* court relied on a previous unpublished opinion involving the same issue and parties (status of the affected person was the same—the identity obviously was different). In its subsequent analysis, the court discussed the basis for its ruling in the previous unpublished case, *Stowe* v. *City of Long Beach* (Feb. 19, 1992, B053521). In short, while we agree the analysis is dicta, for reasons we will set forth above, we find it persuasive.

dismissal, demotion, suspension, reduction in salary, written reprimand, or transfer for purposes of punishment."

Although section 3304 specifies that the officer must be provided an opportunity for an administrative appeal, it does not specify how the appeal process is to be implemented. At a minimum, section 3304 has been held to require that the officer be afforded an evidentiary hearing before a neutral fact finder. (*Runyan* v. *Ellis, supra,* 40 Cal.App.4th at p. 966; *Gray* v. *City of Gustine* (1990) 224 Cal.App.3d 621, 631-632 [273 Cal.Rptr. 730].)

Although the county acknowledges in its brief, and the trial court found, that Giuffre was not afforded a full evidentiary hearing, the county argues that the due process requirements of section 3304 were met because the hearing before the sheriff-coroner complies with the procedures set forth in the MOU. Citing *Stanton* v. *City of West Sacramento* (1991) 226 Cal.App.3d 1438 [277 Cal.Rptr. 478], among other cases, the county contends that when the MOU establishes an administrative appeal process, the due process requirements of section 3304 are met and the process is not subject to scrutiny by the courts. As set forth, *post,* we disagree.

In *Stanton,* a written reprimand was issued to the officer in question; no other action, such as reassignment or loss of pay, accompanied the reprimand. The officer was notified that he could appeal the reprimand to the chief of police. (*Stanton* v. *City of West Sacramento, supra,* 226 Cal.App.3d at pp. 1440-1441.) The *Stanton* court found that the appeal process set forth in the MOU satisfied the requirements of section 3304 because the chief of police had not been involved in the investigation of the matters that led to the written reprimand; the officer had been provided an opportunity to present evidence in the hearing before the chief of police; and the officer had the opportunity to be represented by counsel at the hearing. (226 Cal.App.3d at p. 1443.) *Stanton* based its holding, in part, on a conclusion that the due process requirements of *Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774] did not apply to instances where the only punitive action taken was a written reprimand. (*Stanton* v. *City of West Sacramento, supra,* 226 Cal.App.3d at p. 1442.)

We need not decide whether we agree with the *Stanton* court's interpretation of *Skelly* because *Stanton* is readily distinguishable from the case presently before us. First, the punitive action taken against Giuffre went beyond a written reprimand; unlike the officer in *Stanton,* Giuffre was reassigned, with a resulting loss of pay. Moreover, the California Supreme Court has indicated that *Skelly* applies when an action results in a reduction in pay. (*White* v. *County of Sacramento, supra,* 31 Cal.3d at p. 682.) Second,

the record in the case presently before us reflects that Giuffre was not afforded an *evidentiary* hearing before the sheriff-coroner, as was apparently held in *Stanton*. (*Stanton* v. *City of West Sacramento, supra,* 226 Cal.App.3d at p. 1441.) Thus, we do not find *Stanton* to be controlling or persuasive. Rather, the facts of the case presently before us are nearly identical to those of *Runyan* v. *Ellis, supra,* 40 Cal.App.4th 961, which we find persuasive.

In *Runyan,* the police department issued a written reprimand to an officer and temporarily transferred the officer to a new duty assignment as a result of the officer's failure to comply with the standards of deportment for a police officer. The new duty assignment paid less than the previous assignment, although it did not involve a loss of rank. The officer was afforded a hearing before the city manager, in accordance with the MOU between the city and the police officers' association. The decision of the city manager was final, and no appeal to the civil service commission was afforded the officer. The appellate court concluded that the action taken against the officer was punitive within the meaning of section 3303 and that the hearing before the city manager was insufficient *as a matter of law* to comply with due process and the requirements of section 3304, subdivision (b). (*Runyan* v. *Ellis, supra,* 40 Cal.App.4th at pp. 964-965.)

Although the appellate court in *Runyan* concluded that the meeting with the city manager as provided for in the MOU was a necessary step in the administrative appeal process, it was not sufficient to meet the mandate of the Bill of Rights Act. (*Runyan* v. *Ellis, supra,* 40 Cal.App.4th at p. 967.) The hearing before the city manager did not involve the type of evidentiary hearing contemplated by section 3304; there was no sworn testimony and cross-examination of witnesses, or presentation of argument by the city to which Runyan and his counsel could respond. (40 Cal.App.4th at p. 966.)

It is apparent that Giuffre was not afforded an evidentiary hearing before the sheriff-coroner; the procedures set forth for the administrative appeal in policy No. D-400 do not provide for an evidentiary hearing and the trial court found no such evidentiary hearing had been afforded Giuffre. Under the holdings of both *Stanton* and *Runyan,* Giuffre was entitled to a full evidentiary hearing as a matter of law in order to satisfy the due process requirements of section 3304. It is only where the peace officer is an at-will employee that courts have found no absolute right to a full evidentiary hearing. (See *Holmes* v. *Hallinan* (1998) 68 Cal.App.4th 1523, 1531 [81 Cal.Rptr.2d 174].)

We reject as without merit the county's contention that once administrative appeal procedures are established pursuant to an MOU, those procedures

control and are not subject to scrutiny or revision by the courts. Procedures established by an MOU are subject to scrutiny to determine whether they satisfy due process requirements and section 3304. (*Runyan* v. *Ellis, supra,* 40 Cal.App.4th at pp. 964-965.) Furthermore, the cases cited by the county simply do not stand for the proposition that once administrative procedures are established by local government, they are not subject to scrutiny for compliance with due process. In *Holcomb* v. *City of Los Angeles* (1989) 210 Cal.App.3d 1560 [259 Cal.Rptr. 1], the administrative appeal procedures in place provided that an officer who was subject to punitive action could appeal to the chief of police, then to a board that equated to a civil service commission. The *Holcomb* court addressed and decided whether that board could impose a stiffer penalty than initially imposed and still comply with the due process requirements of section 3304. (210 Cal.App.3d at pp. 1567-1568.) *Baggett* v. *Gates* (1982) 32 Cal.3d 128 [185 Cal.Rptr. 232, 649 P.2d 874] held that the Bill of Rights Act was applicable to charter cities, and reaffirmed the holding of *White* v. *County of Sacramento, supra,* 31 Cal.3d 676 that a reassignment to a lower paying position which was punitive in nature invokes the protections of section 3304. (32 Cal.3d at pp. 140-141.) In *Doyle* v. *City of Chino* (1981) 117 Cal.App.3d 673 [172 Cal.Rptr. 844], the chief of police was fired and notified that he was entitled to appeal the decision to the city manager and thereafter to the city council. At the hearing before the city council, he would be afforded an opportunity to confront and cross-examine witnesses. (*Id.* at p. 676.) The appellate court in *Doyle* concluded that the city had promptly informed the police chief of his appeal rights and the police chief failed to avail himself of those rights, thus precluding judicial review. (*Id.* at p. 681.) In *Henneberque* v. *City of Culver City* (1983) 147 Cal.App.3d 250 [194 Cal.Rptr. 869], a sergeant was summarily demoted and not afforded an administrative review. The appellate court naturally concluded that the sergeant was entitled to the protections of section 3304. (147 Cal.App.3d at p. 254.) Of these cases, only *Holcomb* and *Doyle* discussed the specific procedures established to afford the aggrieved officer an administrative hearing. In both cases, the established procedures afforded an opportunity for a full evidentiary hearing.

Further, in at least one case, *Caloca* v. *County of San Diego* (1999) 72 Cal.App.4th 1209 [85 Cal.Rptr.2d 660], the appellate court held that the officers were entitled to an administrative appeal before the civil service commission. When a citizens advisory group prepared a report concluding that certain officers had engaged in serious misconduct warranting discipline, even though the sheriff's department had not actually imposed discipline, the appellate court concluded that because the report would be placed in the officers' personnel files, the officers had been subjected to punitive action within the meaning of section 3303. Thus, even though the procedures

established by the sheriff's department to challenge the report's findings did not afford the officers a hearing before the civil service commission, section 3304, subdivision (b) mandated that they be afforded such an opportunity. (72 Cal.App.4th at pp. 1222-1223.)

As for the contention that reassignment of an officer that results in a loss of special assignment pay is a purely discretionary act and therefore not appealable beyond the sheriff-coroner, such a contention is contrary to established case law. A reassignment of an officer from a position that paid special duty pay to a position that did not garner such pay, was held to be per se disciplinary in nature, thus any officer subject to such reassignment was to be afforded an administrative appeal within the meaning of section 3304. (*White* v. *County of Sacramento, supra,* 31 Cal.3d at pp. 683-684.)

Neither do we find convincing the argument that Giuffre had to have filed a formal grievance in order to invoke the right to a full evidentiary hearing. First, the written reprimand specifically notified him that his only recourse regarding the action taken against him was an appeal to the sheriff-coroner; the written reprimand also referred to departmental policy No. D-400. That policy purported to set forth the administrative appeal procedures available to Giuffre, with which Giuffre fully complied. The county first claimed that a formal grievance had to be filed after Giuffre filed his petition for writ of mandate. Unlike the factual situation in *Doyle,* the record does not disclose that Giuffre was notified of, and failed to take, additional action in order to obtain a full evidentiary hearing. (*Doyle* v. *City of Chino, supra,* 117 Cal.App.3d at pp. 676-677.) Second, under the analysis in *Runyan,* the county is required as a matter of law to provide for a full evidentiary hearing as part of the administrative appeal process in order to satisfy due process and the requirements of section 3304; the MOU and policy No. D-400 do not so provide. (*Runyan* v. *Ellis, supra,* 40 Cal.App.4th at pp. 964-965.)

We do not disagree with the county's contention that it is within the purview of local governments to establish the administrative appeal procedures. We do not purport here to establish those procedures. The issue is whether those procedures, as set forth in the MOU and departmental policy No. D-400, satisfy due process and section 3304. We conclude they do not. (*Runyan* v. *Ellis, supra,* 40 Cal.App.4th at p. 967.) Because the administrative appeal afforded to Giuffre did not provide him with a full evidentiary hearing, and according to the MOU he could obtain such a hearing only before the civil service commission, he has a right to an administrative appeal before that body. (*Ibid.*)

## DISPOSITION

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion. Costs are awarded to appellant.

Ardaiz, P. J., and Thaxter, J., concurred.

Respondent's petition for review by the Supreme Court was denied March 15, 2000.