[No. B153508. Second Dist., Div. Four. Sept. 19, 2002.]

THOMAS HUNTER, Plaintiff and Respondent, v.
LOS ANGELES COUNTY CIVIL SERVICE COMMISSION, Defendant;
COUNTY OF LOS ANGELES et al., Real Parties in Interest and
Appellants.

**COUNSEL**

Liebert Cassidy Whitmore, Debra L. Bray and Mark Meyerhoff for Real Parties in Interest and Appellants.

No appearance for Defendant.

Green & Shinee and Helen L. Schwab for Plaintiff and Respondent.

**OPINION**

**EPSTEIN, Acting P. J.**—This is an appeal from a judgment ordering the Los Angeles County Civil Service Commission (Commission) to exercise jurisdiction over an appeal from a denial of promotion pursuant to the Public

Safety Officers Procedural Bill of Rights (Gov. Code, § 3300 et seq.).[1] We conclude the Commission lacks jurisdiction to hear and decide the appeal. We therefore reverse the judgment.

FACTUAL AND PROCEDURAL SUMMARY

Thomas Hunter was employed as a senior district attorney investigator with the Bureau of Investigations in the Los Angeles County District Attorney's Office. As such, he is a public safety officer within the definition of the Public Safety Officers Procedural Bill of Rights. (§ 3301; Pen. Code, § 830.1, subd. (a).)

In April 2000, Hunter tested for the position of supervising investigator. He placed in band 1, and for several months he served as an acting supervising investigator. When promotions to supervising investigator were made from the eligibility list, he was not promoted.

Hunter filed an appeal with the Commission, claiming the denial of promotion was on grounds other than merit, and requesting a full evidentiary hearing pursuant to section 3304, subdivision (b) (hereafter section 3304(b)). That section provides: "No punitive action, nor denial of promotion on grounds other than merit, shall be undertaken by any public agency against any public safety officer who has successfully completed the probationary period that may be required by his or her employing agency without providing the public safety officer with an opportunity for administrative appeal." (*Ibid.*)

Hunter's appeal was consolidated with two other appeals which also were based on denial of promotion. The Commission referred the consolidated appeals to a hearing officer solely for determination whether the Commission had jurisdiction to hear section 3304(b) appeals.

At the administrative hearing on this issue, the parties stipulated that Hunter and the other petitioners had been passed over for promotion on "punitive or non-merit grounds" and hence were covered by some aspect of section 3304(b). The hearing officer found the commission did not have jurisdiction. In her written opinion, she explained: "While I have little doubt that, unless an alternative forum is established in the interim, these matters will be sent to the Commission for hearing by the court, there seems equally little doubt that without such a court order the Commission lacks any jurisdiction to hear these appeals. As Respondent [District Attorney] argues, this Commission is an administrative agency which is a creature of statute.

---

[1]All statutory references are to the Government Code unless otherwise stated.

As such, it may exercise only that jurisdiction given it and it may not short-circuit the process of properly acquiring jurisdiction because of a seemingly inevitable outcome which will place the cases in its jurisdiction, which is the essence of Appellants' argument. At least based on the stipulated facts in this matter, Appellants have a right to a § 3304(b) hearing, but, at least at present, the Commission is not available to them as a forum for the 3304(b) hearing." The Commission adopted the hearing officer's findings and conclusion.

Hunter[2] petitioned for a writ of mandate pursuant to Code of Civil Procedure sections 1085, 1088 and 1094.5, seeking a court order directing the Commission to hear and decide the section 3304(b) appeal. The County of Los Angeles, Los Angeles County District Attorney's Office, and the District Attorney of the County of Los Angeles (collectively the County) answered and opposed the petition as real parties in interest. The Commission did not appear.

The trial court found that "no legislative act has expressly empowered the Civil Service Commission to hear § 3304(b) administrative appeals, . . ." Nevertheless, the court determined the Commission was the appropriate administrative body to hear such appeals in the absence of any other negotiated procedure being in place. The court granted the petition for peremptory writ of mandate, and entered judgment directing the Commission to exercise jurisdiction over Hunter's section 3304(b) appeal from denial of promotion on grounds other than merit.

Complying with the writ of mandate, the Commission accepted jurisdiction over Hunter's appeal and referred the case to a hearing. The County then filed this appeal from the judgment and issuance of the writ of mandate. The Commission has stayed its decision, pending resolution of this appeal. It has not appeared in the appeal.

## DISCUSSION

■ The County acknowledges that it has a legal obligation to provide an administrative appeal to Hunter pursuant to section 3304(b). The issue is whether the Commission has jurisdiction to conduct the appeal, either under its own authority or pursuant to court order. We conclude it does not.

A civil service commission created by charter has only the special and limited jurisdiction expressly authorized by the charter. (*Talmo v. Civil*

---

[2]The other two petitioners also sought writ relief, but settled their claims prior to court hearing.

*Service Com.* (1991) 231 Cal.App.3d 210, 219 [282 Cal.Rptr. 240].) Section 34 of the Los Angeles County Charter provides that the Commission "shall serve as an appellate body in accordance with the provisions of Sections 35(4) and 35(6) of this article and as provided in the Civil Service Rules. [¶] The Commission shall propose and, after a public hearing, adopt and amend rules to govern its own proceedings."

Section 35(4) of the charter requires the Commission to adopt rules (approved by the board of supervisors) to provide for "Procedures for appeal of allegations of political discrimination and of discrimination based on race, sex, color, national origin, religious opinions or affiliations or handicap made by County employees, regardless of status, and by applicants for employment." Section 35(6) of the charter requires that the rules provide for "Civil Service Commission hearings on appeals of discharges and reductions of permanent employees."

Appeal from a denial of promotion on grounds other than merit falls into neither category. Hunter acknowledges the county charter does not expressly grant the Commission the power to hear appeals brought by peace officers pursuant to section 3304(b).

Nor has the Commission established any procedure for appeal from a failure to promote. Civil service rule 4.01 describes the right to petition for a hearing: "Any employee or applicant for employment may petition for a hearing before the commission who is: [¶] A. Adversely affected by any action or decision of the director of personnel concerning which discrimination is alleged as provided in Rule 25; [¶] B. Adversely affected by any action or decision of the commission made without notice to and opportunity for such person to be heard other than a commission decision denying a petition for hearing; [¶] C. Otherwise entitled to a hearing under the Charter or these Rules." The Commission did not take adverse action affecting Hunter within the meaning of rule 4.01B. Nor was Hunter "[o]therwise entitled" to a hearing under the charter or the civil service rules within the meaning of rule 4.01C.

The only possible authorization for a Commission hearing under these rules would be pursuant to civil service rule 4.01A, which requires specific allegations of discrimination as provided in rule 25. Rule 25 prohibits employment actions based on discrimination "or other non-merit factors, any of which are not substantially related to successful performance of the duties of the position. 'Non-merit factors' are those factors that relate exclusively to a personal or social characteristic or trait and are not substantially related to successful performance of the duties of the position. Any person who

appeals alleging discrimination based on a non-merit factor must name the specific non-merit factor(s) on which discrimination is alleged to be based. No hearing shall be granted nor evidence heard relative to discrimination based on unspecified non-merit factors."

Hunter's pleadings do not allege specific nonmerit factors within the meaning of this rule, nor does he claim that he has a right to a hearing before the Commission flowing from this rule. He argues, instead, that the charter empowers the board of supervisors to add further duties to the Commission to enable it to carry out its mission. This may be true, but the parties agree that the board of supervisors has not adopted any provision that addresses hearings on appeals from denial of promotion.

The hearing officer concluded the Commission had not been given jurisdiction over section 3304(b) appeals, and our reading of the charter and the civil service rules confirms that conclusion. The difficulty comes with her further observation, that the Commission could acquire jurisdiction by court order.

Section 3304.5 provides that the appeal procedure is to be established by the public agency employer. At the time Hunter's case came before the trial court, the County did not have a procedure in place for such an appeal.[3] The question is whether, in the absence of any procedure established by the local agency, it was proper for the trial court to direct the Commission to conduct the hearing. The trial court found authority to make such an order in a pair of cases, which we find unpersuasive.

The first is *Runyan v. Ellis* (1995) 40 Cal.App.4th 961 [47 Cal.Rptr.2d 356]. Runyan was a Long Beach police officer who was subjected to punitive action. He requested an administrative appeal before the city's civil service commission, but his request was denied. He sought a writ of mandate pursuant to Code of Civil Procedure section 1085, seeking to force the civil service commission to provide him with an administrative appeal. The city opposed the petition, claiming Runyan was only entitled to the appeal procedure set out in the bargained-for memorandum of understanding, which involved a meeting with the city manager. The court granted the writ and ordered the city to provide Runyan with an administrative appeal before the civil service commission.

The Court of Appeal affirmed the decision, holding the city was collaterally estopped by *Stowe v. City of Long Beach* (Feb. 19, 1992, B053521), an

---

[3]The County states it is currently working on establishing the appeal procedure through a meet-and-confer process with the Association for Los Angeles Deputy Sheriffs, Hunter's employee representative.

unpublished decision involving the same city, city manager, and police chief, from relitigating the adequacy of the procedure set out in the memorandum of understanding. The *Stowe* case held that the meeting with the city manager provided for in the memorandum of understanding did not satisfy the appeal process envisioned by section 3304(b), and that the demoted officer was entitled to a hearing before the civil service commission. (*Runyan v. Ellis, supra*, 40 Cal.App.4th at pp. 965-966.)

The Court of Appeal also rejected the city's argument that ordering a civil service commission hearing violates the "home rule" provision of the state Constitution (Cal. Const., art. XI, § 5), which governs charter cities. The court reconciled the home rule provisions with section 3304, holding that Runyan could be required to seek a meeting with the city manager in accordance with the memorandum of understanding, but that meeting did not satisfy the administrative appeal requirements of section 3304(b). (*Runyan v. Ellis, supra*, 40 Cal.App.4th at pp. 966-967.)

The court then held: "Given the only existing apparatus in the city for an administrative appeal by police officers is found with the civil service commission, and pursuant to our opinion in *Stowe*, Runyan is entitled to an administrative appeal before the civil service commission." (*Runyan v. Ellis, supra*, 40 Cal.App.4th at p. 967.) This portion of the *Runyan* decision is based on the earlier unpublished decision in *Stowe*, not on independent or persuasive analysis. For that reason, we decline to follow it. Commission jurisdiction must be based on express authority in the charter, not on the absence of any other designated forum.

The second case relied on by the trial court is *Caloca v. County of San Diego* (1999) 72 Cal.App.4th 1209 [85 Cal.Rptr.2d 660]. The court in that case ordered a county civil service commission to provide sheriff's deputies with an administrative appeal from findings of misconduct made against them by the Citizens Law Enforcement Review Board. (*Id.* at p. 1223.) But in that case, the parties "[did] not contest that Civil Service Commission is the appropriate body to hear administrative appeals brought pursuant to Government Code section 3304, subdivision (b)." (*Id.* at p. 1223, fn. 10.)

We find neither statutory nor decisional authority to support the trial court's conclusion that until the County provides an alternative forum, the Commission must hear section 3304(b) appeals. Issuance of a writ compelling the Commission to hear Hunter's appeal was error.

Writ relief pursuant to Code of Civil Procedure section 1085 is available to compel a public agency to perform an act prescribed by law. (*Santa Clara*

*County Counsel Attys. Assn. v. Woodside* (1994) 7 Cal.4th 525, 539 [28 Cal.Rptr.2d 617, 869 P.2d 1142].) If the County has not yet performed its duty under section 3304.5 to establish a forum for administrative appeals brought under section 3304(b), writ relief may be available to compel the County to do so. (See also § 3309.5.) That was not the relief sought or ordered in the trial court.

## DISPOSITION

The judgment is reversed. Each side is to bear its own costs on appeal.

Hastings, J., and Curry, J., concurred.

A petition for a rehearing was denied October 2, 2002, and respondent's petition for review by the Supreme Court was denied December 11, 2002.