131 Cal.Rptr.2d 85 (2003)
106 Cal.App.4th 905
Keith JAMES et al., Plaintiffs and Appellants,
v.
CITY OF CORONADO et al., Defendants and Respondents.
No. D039686.
Court of Appeal, Fourth District, Division One.
January 30, 2003.
Rehearing Denied March 27, 2003.
Review Denied May 21, 2003.
*87 Bobbitt & Pinckard, Everett L. Bobbitt, San Diego, and Bradley M. Fields for Plaintiffs and Appellants.
McDougal, Love, Eckis, Smith & Boehmer, Morgan L. Foley, El Cajon, and James P. Lough, Fresno, for Defendants and Respondents.
*86 McCONNELL, J.
Keith James, Mark Porter and the Coronado Police Officers' Association (collectively the plaintiffs where appropriate) obtained a writ of mandate requiring the City of Coronado, the Coronado Police *88 Department and Chief of Police Robert Hutton (collectively the Department) to provide an evidentiary hearing before a neutral fact finder in order for James and Porter to challenge memoranda placed in their personnel files for use in their next performance reviews. The court determined James and Porter "are entitled to introduce evidence but not to confront and cross[-]examine witnesses." On appeal, the plaintiffs contend that an administrative appeal required under Government Code[1] section 3304, subdivision (b), a provision of the Public Safety Officers Procedural Bill of Rights Act (the Bill of Rights Act; § 3300 et seq.), necessarily includes the right to confront and cross-examine witnesses. We affirm the judgment.

BACKGROUND
James and Porter are police officers and permanent employees of the Department. The Department investigated unrelated claims of misconduct against the officers. It determined that James opened a box of materials not addressed to him and entered and removed property from the locked office of a fellow employee. In a March 2001 memorandum, Chief Hutton determined the incidents were "a matter for formal counseling rather than discipline." The memorandum further stated that "[a]ny recurrence of this or similar conduct would require severe disciplinary action that could include termination. Therefore, a copy of this memorandum shall be included with the employee[`]s counseling documentation and should become a part of the next evaluation of this officer."
The Department determined that Porter submitted a request for overtime pay without prior authorization for such work, as required by Department policy and civil service rules. In an April 2001 memorandum, Hutton wrote: "There is strong evidence to support making this a matter for discipline. However, . . . I will allow it to be handled as a matter for evaluation provided this memorandum is included as a part of the employee[`]s next evaluation."
The Department denied the officers' requests for administrative appeals to challenge the memoranda. The officers then filed a petition for writ of mandamus (Code Civ. Proc., § 1085) against the Department, seeking an order compelling the Department to provide an administrative appeal.
The court granted the petition and ordered the Department to provide an evidentiary hearing before a neutral fact finder with the burden of proof on the Department. The court ruled that James and Porter "are entitled to introduce evidence but not to confront and cross[-]examine witnesses." The court contemplated an "abbreviated-type of hearing" in which the Department would present sworn testimony and James and Porter would have the opportunity "to give [their] side by sworn testimony." The court explained: "There [are] a lot of factors to be considered. One of the factors that I'm thinking about is the interest of the government in terms of physical and administrative burdens of having one of these hearings. We are not going to have a full-blown trial in this thing. The issues don't rise to that level of seriousness."

DISCUSSION

I
The Bill of Rights Act "provides a catalogue of basic rights and protections which must be afforded all peace officers by the public entities which employ them. [Citation.] The [Bill of Rights] Act bespeaks *89 the Legislature's determination that, because labor unrest and strikes produce consequences extending far beyond local boundaries, the maintenance of stable employment relations between peace officers and their employers is a matter of statewide concern." (Binkley v. City of Long Beach (1993) 16 Cal.App.4th 1795, 1805, 20 Cal.Rptr.2d 903, fn. omitted (Binkley).) "In determining the scope of coverage under the [Bill of Rights] Act, we independently determine the proper interpretation of the statute and are not bound by the lower court's interpretation." (Id. at p. 1806, 20 Cal.Rptr.2d 903.)
Section 3304, subdivision (b) provides that "[n]o punitive action, nor denial of promotion on grounds other than merit, shall be undertaken by any public agency . . . without providing the public safety officer with an opportunity for administrative appeal." "The statute does not require a showing that an adverse employment consequence has occurred or is likely to occur." (Otto v. Los Angeles Unified School Dist. (2001) 89 Cal.App.4th 985, 997, 107 Cal.Rptr.2d 664 (Otto ).)
Rather, "punitive action, sufficient to trigger an officer's administrative appellate rights, may exist when action is taken which may lead to the adverse consequences . . . at some future time." (Otto, supra, 89 Cal.App.4th at p. 996, 107 Cal.Rptr.2d 664; § 3303 ["punitive action means any action that may lead to dismissal, demotion, suspension, reduction in salary, written reprimand, or transfer for purposes of punishment"].) Written criticisms of an officer's performance trigger section 3304, subdivision (b) when they may hinder advancement or cause other adverse consequences in the future. (Caloca v. County of San Diego (1999) 72 Cal.App.4th 1209, 1222, 85 Cal.Rptr.2d 660; Hopson v. City of Los Angeles (1983) 139 Cal.App.3d 347, 352-354, 188 Cal.Rptr. 689.)
Section 3304, subdivision (b) "`does not provide for an automatic administrative appeal, but merely requires that an opportunity for such an appeal be provided. . . . [T]he procedural details for implementing the provisions for an administrative appeal are to be formulated by the local agency.'" (Crupi v. City of Los Angeles (1990) 219 Cal.App.3d 1111, 1120, 268 Cal.Rptr. 875, citing Brooming v. Block (1985) 175 Cal.App.3d 423, 429, 220 Cal.Rptr. 763.) However, when, as here, "the scope of administrative appeal hearing is not prescribed by personnel rules, agency regulations, memoranda of understanding, or customary agency practices, the adequacy of the appeal procedure afforded must be measured according to constitutional due process principles." (Binkley, supra, 16 Cal.App.4th at p. 1807, 20 Cal.Rptr.2d 903.)

II
The Department has not challenged the trial court's finding that James and Porter are entitled to an evidentiary hearing. The sole issue on appeal is whether due process requires that the hearing include their right to confront and cross-examine witnesses.[2]
"`[D]ue process is the opportunity to be heard at a meaningful time and in a meaningful manner.'" (Los Angeles Police Protective League v. City of Los *90 Angeles (2002) 102 Cal.App.4th 85, 91, 124 Cal.Rptr.2d 911.) "Although it is true that the Fourteenth Amendment `protects the pursuit of one's profession from abridgment by arbitrary state action' [citation], `due process of law' is not a fixed theory, embodying a standardized set of procedures or a trial-like hearing in each instance. To the contrary, . . . due process is an elusive concept: `Its exact boundaries are undefinable, and its content varies according to specific factual contexts. Thus, when governmental agencies adjudicate or make binding determinations which directly affect the legal rights of individuals, it is imperative that those agencies use the procedures which have traditionally been associated with the judicial process. On the other hand, when governmental action does not partake of an adjudication, as for example, when a general fact-finding investigation is being conducted, it is not necessary that the full panoply of judicial procedures be used . . . . Whether the Constitution requires that a particular right obtain in a specific proceeding depends upon a complexity of factors. The nature of the alleged right involved, the nature of the proceeding, and the possible burden on that proceeding, are all considerations which must be taken into account.'" (Oberholzer v. Commission on Judicial Performance (1999) 20 Cal.4th 371, 391, fn. 16, 84 Cal.Rptr.2d 466, 975 P.2d 663, quoting Hannah v. Larche (1960) 363 U.S. 420, 442, 80 S.Ct. 1502, 4 L.Ed.2d 1307, first and second italics added; see also Mathews v. Eldridge (1976) 424 U.S. 319, 334, 96 S.Ct. 893, 47 L.Ed.2d 18; Saleeby v. State Bar (1985) 39 Cal.3d 547, 565, 216 Cal.Rptr. 367, 702 P.2d 525 [To satisfy due process, a "formal hearing, with full rights of confrontation and cross-examination is not necessarily required"].)
There is apparently no published decision on the precise issue here. The plaintiffs rely on Otto, supra, 89 Cal. App.4th 985, 107 Cal.Rptr.2d 664, in which the court held an officer was entitled to an administrative appeal when a memorandum placed in his personnel file may have led to punitive action in the future. (Id. at p. 998, 107 Cal.Rptr.2d 664.) The court, however, did not address the scope of the hearing or whether it must include the right to confront and cross-examine witnesses. "`It is axiomatic that cases are not authority for propositions not considered.'" (In re Marriage of Cornejo (1996) 13 Cal.4th 381, 388, 53 Cal.Rptr.2d 81, 916 P.2d 476.)
Runyan v. Ellis (1995) 40 Cal.App.4th 961, 47 Cal.Rptr.2d 356, which the plaintiffs cite, is similarly unhelpful. There, the court held that an officer subject to a 90-day transfer with accompanying pay cut was entitled to an administrative hearing, and a meeting with the city manager was insufficient to fulfill due process requirements. (Id. at p. 965, 47 Cal.Rptr.2d 356.) The court, however, declined to establish any particular administrative review process and did not discuss the right to confront and cross-examine witnesses. (Id. at p. 967, 47 Cal.Rptr.2d 356.)
The plaintiffs also cite dicta in Giuffre v. Sparks (1999) 76 Cal.App.4th 1322, 91 Cal. Rptr.2d 171, stating that in Runyan v. Ellis, supra, 40 Cal.App.4th 961, 47 Cal. Rptr.2d 356, the court disapproved of the hearing because it did not include "sworn testimony and cross-examination of witnesses, or presentation of argument by the city to which Runyan and his counsel could respond." (Giuffre, at p. 1330, 91 Cal. Rptr.2d 171, italics added.) To the extent Runyan implied the hearing was required to include the right to confront and cross-examine witnesses, the opinion is distinguishable on the ground the officer there suffered a disciplinary transfer and pay cut. "Demotion, suspension and dismissal *91 all involve depriving the public employee of pay or benefits; a written reprimand results in no such loss to the employee." (Stanton v. City of West Sacramento (1991) 226 Cal.App.3d 1438, 1442, 277 Cal. Rptr. 478 (Stanton); see also Giuffre, at p. 1330, 91 Cal.Rptr.2d 171 [tenured employee who was removed from SWAT team and suffered pay reduction "entitled to a full evidentiary hearing as a matter of law in order to satisfy the due process requirements of section 3304"].)
The Department cites Murden v. County of Sacramento (1984) 160 Cal.App.3d 302, 206 Cal.Rptr. 699, on which the trial court relied. In Murden, a voluntary member of the sheriffs reserve force was given a temporary paid, but at-will, assignment as a deputy sheriff. His positions were terminated based on charges of incompetence and "inappropriate and embarrassing sexual conversations." (Id. at p. 308, 206 Cal.Rptr. 699.) The court concluded that because the latter charges impugned the employee's character and could impair his ability to find other employment, due process entitled him to a "liberty interest" hearing. However, the court held he was not entitled to "trial-type elements" such as the presentation of witnesses under oath and cross-examination of witnesses because, as an at-will employee, he had no protectible property interest and the hearing was solely to provide him an opportunity to refute the charges and clear his name. (Id. at pp. 311-312, 206 Cal.Rptr. 699; see also Binkley, supra, 16 Cal.App.4th at p. 1809, 20 Cal.Rptr.2d 903 [terminated at-will employee had no right to confront and cross-examine witnesses]; Giuffre v. Sparks, supra, 76 Cal.App.4th at p. 1330, 91 Cal.Rptr.2d 171 ["It is only where the peace officer is an at-will employee that courts have found no absolute right to a full evidentiary hearing"].)
The Department also cites Stanton, supra, 226 Cal.App.3d 1438, 277 Cal.Rptr. 478, in which a tenured police officer received a written reprimand for discharging a weapon in violation of department rules. Under a memorandum of understanding negotiated between the officers' representative and the police department, the action was appealable only to the chief of police. The court held the procedure complied with section 3304, subdivision (b) because the chief of police was a neutral fact finder and the "[officer], represented by counsel, was provided with an opportunity to present evidence and argue his case." (Stanton, at p. 1443, 277 Cal.Rptr. 478.) Stanton does not address the right to confront and cross-examine witnesses nor does it suggest the issue was raised.
Although we recognize the value of cross-examination as a means of uncovering the truth (Mohilef v. Janovici (1996) 51 Cal.App.4th 267, 302, 58 Cal.Rptr.2d 721), we reject the notion that as a matter of law every administrative appeal under section 3304, subdivision (b) must afford the officer an opportunity to confront and cross-examine witnesses. "[D]ue process is a flexible concept, as the characteristic of elasticity is required . . . to tailor the process to the particular need. [Citations.] Thus, not every situation requires a formal hearing accompanied by the full rights of confrontation and cross-examination." (Edward W. v. Lamkins (2002) 99 Cal.App.4th 516, 532, 122 Cal.Rptr.2d 1.) The authorities discussed above demonstrate that in considering the due process protections owed under the Bill of Rights Act, courts make distinctions based on the officer's status and the type of punitive action imposed.
We conclude James and Porter are not entitled to confront and cross-examine witnesses during the hearing. While they are permanent employees, *92 they have suffered no demotion, transfer, pay reduction or other adverse consequence. Indeed, the plaintiffs do not challenge the Department's assertion that the placement of written memoranda in an officer's personnel file for consideration in a future performance review is the lowest level of discipline it can impose. The Department made no binding determination affecting the legal rights of James or Porter, and thus the full panoply of judicial procedures is not required. (Oberholzer v. Commission on Judicial Performance, supra, 20 Cal.4th at p. 391, fn. 16, 84 Gal. Rptr.2d 466, 975 P.2d 663.)

DISPOSITION
The judgment is affirmed. The defendants are awarded costs on appeal.
WE CONCUR: NARES, Acting P.J., and O'ROURKE, J.
NOTES
[1] Statutory references are to the Government Code unless otherwise specified.
[2] Notwithstanding the trial court's ruling, the Department could adopt a hearing procedure that includes the right of confrontation and cross-examination of witnesses. The adoption of such a procedure would, of course, render the issue on appeal moot. However, because the Department's briefing indicates it will not do so, appellate review of the issue at this juncture is proper.