[No. B146712. Second Dist., Div. Four. Nov. 30, 2001.]

LOS ANGELES POLICE PROTECTIVE LEAGUE, Plaintiff and
Appellant, v.
CITY OF LOS ANGELES et al., Defendants and Respondents.

**COUNSEL**

Diane Marchant for Plaintiff and Appellant.

Rockard J. Delgadillo, City Attorney, Cecil W. Marr, Assistant City Attorney, and Gregory P. Orland, Deputy City Attorney, for Defendants and Respondents.

**OPINION**

**EPSTEIN, J.—** ▮ We are asked to decide whether Sergeant Robert Smith is entitled to arbitrate the decision of the Los Angeles Police Department to transfer him to a different assignment with the reduced pay applicable to that assignment. Appellant argues the issue is arbitrable because it

constitutes a downgrade in pay. Respondents argue it is not because transfers are reviewable only by administrative appeal, not by arbitration, because the transfer and pay downgrade are inextricably intertwined under the civil service system applicable to the police department. (The parties have submitted unpublished appellate court decisions upon which neither they nor we are entitled to rely as precedent.) We conclude that Sergeant Smith is not entitled to arbitration and affirm the order of the trial court.

## FACTUAL AND PROCEDURAL SUMMARY

Sergeant Smith is a 25-year veteran of the Los Angeles Police Department (Department). In August 1999, he was transferred from the West Los Angeles Station to the Wilshire Station and assigned to less demanding duties than he had before. The change resulted in a downgrade of his pay classification from sergeant II to sergeant I. The reason for the transfer was pending allegations of misconduct involving an officer-involved shooting incident. In September 1999, Sergeant Smith initiated a grievance, alleging that such a downgrade is only permitted in circumstances that do not apply in his case. He stated he was not "grieving" the transfer, only the salary downgrade. He alleged the Department had not complied with 3 Los Angeles Police Department Manual section 763.60 (Department Manual), which conditions a pay reduction upon a showing that he was unable to satisfactorily perform his duties. He also alleged the pay downgrade amounted to discipline without a due process hearing, in violation of Los Angeles City Charter section 202.

Sergeant Smith is a member of a recognized union, the Los Angeles Police Protective League (League). The League, acting on his behalf and in its own right, requested a list of arbitrators. The Los Angeles City Employee Relations Board sent the League and the Department a list of arbitrators. The Department informed the board that it declined to arbitrate the grievance because the issue raised is not grievable under article 8.2 of the current memorandum of understanding (MOU) governing police officers. The Department also took the position that Sergeant Smith had 30 days from the notice of the proposed personnel action to file a written response and that he had not done so. The Department asserted that this omission waived Sergeant Smith's right to further review, and that it considered the matter closed.

The League filed a petition to compel arbitration in the Los Angeles County Superior Court against the City of Los Angeles and Police Chief Bernard Parks (collectively the City). It alleged that the League and the

Department are parties to the MOU, which contains a grievance procedure applicable to all grievances, as defined in Los Angeles Administrative Code section 4.801. Article 8 of the MOU sets out the grievance procedure for members of the Department at the ranks of lieutenant and below. The League argued that Los Angeles Administrative Code section 4.865 requires binding arbitration for any unresolved grievance. The Department responded, denying the allegations of the petition and asserting that the subject matter of the grievance is not arbitrable.

The trial court denied the petition to compel arbitration. It found that article 1.8(B) of the MOU controls: " 'The Chief of Police has the authority to transfer and assign members of the Department. Such transfers and assignments are not grievable and are not arbitrable regardless of the reason for the transfer or assignment.' " The court concluded that Sergeant Smith's only opportunity for review was by administrative appeal rather than arbitration because the case involves a transfer and assignment. It entered judgment in favor of the Department on the petition. The League filed a timely appeal. (Sergeant Smith is not a party to this appeal.)

## DISCUSSION

Code of Civil Procedure section 1281.2 provides: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists," except in specified circumstances. Code of Civil Procedure section 1281.2 also states: "If the court determines that a written agreement to arbitrate a controversy exists, an order to arbitrate such controversy may not be refused on the ground that the petitioner's contentions lack substantive merit."

As a general proposition, courts have regarded arbitration as a favored means of dispute resolution, and this favored classification includes disputes arising out of collective bargaining agreements. (*Service Employees Internat. Union v. City of Los Angeles* (1994) 24 Cal.App.4th 136 [29 Cal.Rptr.2d 357].) Where a decision on the arbitrability of a personnel action is decided on undisputed evidence, " ' " '[w]e are free to make our own independent interpretation of the terms of the contract and its application to the instant dispute.' [Citation.]" [Citation.]' " (*Id.* at p. 143.) Because we must interpret the MOU to " ' " "execute the *mutual* intent and purpose of the parties[,]" ' " we independently review the appellate record. [Citation.]" (*Id.* at p. 144.)

The salary structure for the police and fire departments is an adaptation of the Jacobs Plan, a 1970 study prepared for the City. Under the plan as enacted, each of the several police civil service job classes—police officer, sergeant, lieutenant, captain and deputy chief—may have more than one "pay grade" or salary level. (L.A. Admin. Code, § 4.140(n).) "Officers 'appointed . . . to a class having more than one pay grade may be assigned and reassigned within that class' in accord with the regulations promulgated by the board of police commissioners. [Citation.] These regulations are set forth in the Los Angeles Police Department Manual . . . ." (*Baggett v. Gates* (1982) 32 Cal.3d 128, 131 [185 Cal.Rptr. 232, 649 P.2d 874].) Under this scheme, the job classification for Mr. Smith is sergeant. The roman numeral I or II designates a pay grade based on the assignment of the incumbent, and is not itself a job classification.

The League argues that under section 4.140(n) of the Los Angeles Administrative Code, grievances relating to the application of administrative rules and procedures must be resolved in accordance with the Department's grievance procedure.[1] Because the grievance procedure culminates in a right to arbitrate any unresolved dispute, the League argues a right to arbitrate Sergeant Smith's pay grade reduction. The City argues that the pay grade reduction is inextricably intertwined with the transfer of Sergeant Smith from a position entailing the duties of a sergeant II to a position entailing the lesser duties of a sergeant I. Because transfer decisions are exempted from the grievance procedure, the City concludes that Sergeant Smith has no right to arbitration.

We begin our analysis with a review of the MOU and the thicket of applicable provisions of the Los Angeles Administrative Code, and the Department Manual.[2] Article 8.4 of the MOU sets up a four-step grievance procedure that is followed by arbitration if step 4 does not resolve the grievance. Article 8.1(A) of the MOU states: "*Notwithstanding Los Angeles Administrative Code 4.140(n), and except as provided in Paragraph A.2 of Article 8.2 below*, and subject to the limitations set forth in Article 1.8,[3] a grievance is defined as a dispute concerning the interpretation or application

---

[1]The City filed a letter brief with a supplemental request for judicial notice. It points out that in March 2001, the city council repealed Los Angeles Administrative Code section 4.140. We are not informed whether the definitions in section 4.140 were moved to another provision. (See L.A. Ord. No. 173791.) Because the personnel action against Sergeant Smith preceded this change, we do not consider it here.

[2]We grant the parties' requests for judicial notice, with the exception of items 15, 16 and 17 in respondents' request for judicial notice.

[3]Article 1.8(A) of the MOU provides that responsibility for City management and the direction of the workforce is vested in City officials and department heads. It is the exclusive right of City management to take disciplinary action for proper cause, relieve City employees

of this written Memorandum of Understanding or departmental rules and regulations governing personnel practices or working conditions. (See Los Angeles City Ordinance Number 161882 redefining 'grievance' in Employee Relations Ordinance § 4.801.)" (Italics added.) Los Angeles Ordinance No. 161882 amended the definition of grievance in section 4.801 by adding the following paragraph: "For employees in the representation unit Police Officers, Lieutenant and Below, *excluded from the definition of grievance set forth above and excluded from the scope of the grievance process are disputes concerning discipline and disputes concerning transfers*, promotions, . . . [and other specified personnel actions not pertinent here] whether or not such matters involve discipline." (Italics added.)

Article 8.2(A) of the MOU reiterates the agreement that transfers are not grievable or arbitrable. Its specification of matters not subject to grievance or arbitration includes: "2. Transfers, promotions, promotional examinations, and probationary employee terminations. These matters are not grievable or arbitrable whether or not said matters involve discipline." Article 8.2(B) of the MOU provides a separate, and exclusive, means of dealing with transfer and promotion appeals: the administrative appeal procedure of article 9.0. Article 9.2 of the MOU states that disputes concerning a transfer are subject to an administrative appeal. Section 4.859 of the Los Angeles Administrative Code (as amended by L.A. Ord. No. 161882, eff. in 1987) provides that the Department's employees in ranks of lieutenant and below may not raise grievances about the consequences of management decisions on wages, hours, and other terms and conditions of employment.

The League argues that unlike the MOU, section 4.140(n) of the Los Angeles Administrative Code provides a right to grieve the job action against Sergeant Smith. It defines "Pay Grade" as "a salary level established by the Council within a civil service class for pay-setting purposes only. For example, the pay grades within the civil service class of Policeman are Policeman I, Policeman II and Policeman III. Persons appointed pursuant to civil service rules and regulations to a class having more than one pay grade may be assigned and reassigned to any pay grade within that class by his appointing authority subject only to such administrative rules and procedures as may have been adopted by the commission of the respective department. . . . *Grievances relating to the application of such rules and procedures shall be resolved in accordance with the respective department's grievance procedure. . . .*" (Italics added.) The League argues that under this

---

from duty because of lack of work or other legitimate reasons. Article 1.8 also states that "the exercise of these rights does not preclude employees or their representatives from consulting, or from grieving or filing a general appeal, about the practical consequences that decisions on these matters may have on wages, hours, and other terms and conditions of employment."

provision, disputes about the application of rules and procedures, including reassignments to a lower pay grade, should be processed under the grievance procedure, which culminates in the right to arbitration.

Section 763.55 of the Department Manual lists the circumstances under which a reassignment of an officer to a lower pay grade is warranted, including the one relied upon by the Department here, "When an officer clearly demonstrates his/her failure or inability to satisfactorily perform the duties of the position." Section 763.60 sets out the procedures to be followed when an officer is reassigned to a lower pay grade for failure or inability to satisfactorily perform the duties of an advanced pay grade. It provides that various forms must be completed, including one verifying that the officer was informed of the right to file a written response to the proposed personnel action within 30 days. After the officer's written response is received or after 30 days have passed without a response, the paperwork related to the reassignment is to be forwarded to the commanding officer of the human resources bureau of the Department. A note to that section of the manual states: "When the actions which demonstrate the officer's failure or inability to satisfactorily perform the duties of his or her position also result in the initiation of a complaint, *the reassignment to a lower paygrade position normally shall be accomplished prior to the adjudication and disposition of the complaint.*" (3 Dept. Manual, § 763.60, italics added.) Here, the grievance initiation form filed by Sergeant Smith states that the administrative transfer and downgrade were based on pending allegations of misconduct. It is evident from this that Sergeant Smith was reassigned before the misconduct charges were resolved under section 763.60.

The City argues that the dispositive authority for this case is *Los Angeles Police Protective League v. City of Los Angeles* (*Lopez*) (July 2, 2001, B144587) (*Lopez*), an unpublished opinion by Division Two of this district. As an unpublished opinion, we may not rely upon the case as precedent. The issue is whether it has collateral estoppel effect. In that case, Fernando Lopez challenged the trial court's refusal to compel arbitration of his grievance contesting his transfer from the position of police officer III to police officer II. The recommendation that Officer Lopez be reduced in pay grade and reassigned stemmed from his arrest for an off-duty incident. The *Lopez* court concluded that the reassignment to another unit constituted a transfer arising from a disciplinary matter. It held that the grievance/arbitration process detailed in article 8.0 of the MOU does not apply to such a transfer, citing article 8.2(B)(1) and (3) of the MOU. Instead, under article 9.2 of the MOU, the transferred employee must seek redress by an administrative appeal.

■  "Collateral estoppel precludes a party from relitigating in a second proceeding the matters litigated and determined in a prior proceeding. The requirements for invoking collateral estoppel are the following: (1) the issue necessarily decided in the previous proceeding is identical to the one that is sought to be relitigated; (2) the previous proceeding terminated with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party to or in privity with a party in the previous proceeding. [Citation.]" (*Coscia v. McKenna & Cuneo* (2001) 25 Cal.4th 1194, 1201, fn. 1 [108 Cal.Rptr.2d 471, 25 P.3d 670].)

■  These requirements are met here. The issue of whether a transfer that effects a corresponding reduction in pay grade comes within the grievance procedures of the Department was necessarily decided in *Lopez, supra*, B144587, a final decision on the merits litigated by the parties here. The court decided that transfers are not subject to the grievance/arbitration procedure.

Even without the collateral estoppel effect of *Lopez, supra*, B144587, we would reach the same conclusion. The provisions of article 8 of the MOU are clear that transfers are not subject to the grievance/arbitration procedure. Pertinent provisions of the Los Angeles Administrative Code also make it clear that the pay for a particular position is intertwined with the duties and responsibilities for that position. For example, section 4.140(e) of the Los Angeles Administrative Code defines "Classification plan" as meaning "an orderly arrangement of positions under separate and distinct classes so that each class will contain all those positions which are sufficiently similar in respect to the duties and responsibilities to meet the requirements of Section 1003 of the Charter, such classification plan being established and maintained by the Board of Civil Service Commissioners as provided in said section of the Charter."

The League's reliance on Los Angeles Administrative Code section 4.140(n), which allows a grievance relating to a change in pay grade, is in conflict with the express language of MOU article 8.1(A), which expressly excludes transfers from the definition of a grievance by reference to paragraph A.2 of article 8.2 and to Los Angeles Administrative Code section 4.140(n): "*Notwithstanding Los Angeles Administrative Code 4.140(n), and except as provided in Paragraph A.2 of Article 8.2 below,* and subject to the limitations set forth in Article 1.8, a grievance is defined as a dispute concerning the interpretation or application of this written Memorandum of Understanding or departmental rules and regulations governing personnel practices or working conditions. (See Los Angeles City Ordinance Number 161882 redefining 'grievance' in Employee Relations Ordinance § 4.801.)"

(Italics added.) Reading the document as a whole and in context, we conclude that the MOU excludes transfers from the scope of the Department's grievance procedure.

Our conclusion is not changed by the League's reliance on another unpublished decision, in *Los Angeles Police Protective League v. Parks* (July 27, 2000, B133386). Because it is unpublished, it may not be cited as precedential authority. And since the issue in that case is different from the issue here, it has no collateral estoppel effect. In *Parks*, a Los Angeles police detective who was at detective III pay grade when he took a disability pension, returned to the Department and was compensated at the detective II pay grade. The issue was whether the detective's grievance about his reduction in pay grade was arbitrable. The court held that the case was not about a transfer or assignment and that MOU article 1.8 did not apply.

We also decline to give collateral estoppel effect to an unpublished case cited by the City, *Spangler v. Williams* (May 28, 1999, B115922). The reason is that the issue before us (whether a transfer that resulted in a pay grade reduction is arbitrable) was not litigated in *Spangler*. In that case, the court determined a lieutenant did not have a vested property interest in the pay attached to his position as lieutenant II and therefore did not have a due process right to a pretransfer hearing.

## DISPOSITION

The judgment denying the League's petition to compel arbitration is affirmed. Each party is to bear its costs on appeal.

Vogel (C. S.), P. J., and Hastings, J., concurred.