[No. B151027. Second Dist., Div. Four. Sept. 18, 2002.]

LOS ANGELES POLICE PROTECTIVE LEAGUE, Plaintiff and Appellant, v.
CITY OF LOS ANGELES et al., Defendants and Respondents.

## Counsel

Silver, Hadden & Silver, Stephen H. Silver and Elizabeth S. Tourgeman for Plaintiff and Appellant.

Rockard J. Delgadillo, City Attorney, Cheryl Ward, Assistant City Attorney, and Matthew C. St. George, Deputy City Attorney, for Defendants and Respondents.

## OPINION

EPSTEIN, J.—In this declaratory relief action, we conclude that the procedure for administrative challenge to a punitive reduction in pay grade or deselection from a bonus position for an employee of the Los Angeles Police Department (Department) does not satisfy the due process requirements of the federal and state Constitutions and does not comply with the mandates of the Public Safety Officers Procedural Bill of Rights Act. (Gov. Code, § 3300 et seq.)

## FACTUAL AND PROCEDURAL SUMMARY

The conditions under which public safety officers employed by the Department occupy advanced pay grades or bonus positions, and the conditions under which they may be reassigned from those positions are contained in the Los Angeles Police Department Manual (Department Manual).[1]

Section 763.55 of the Department Manual provides that an officer in an advanced pay grade position may be reassigned to a lower pay grade within his or her classification when one of four conditions exist: an officer requests reassignment; an officer completes a fixed tour of duty in a position; a position is eliminated; or "When an officer clearly demonstrates his/her failure or inability to satisfactorily perform the duties of the position."[2]

Section 763.60 of the Department Manual sets out the administrative procedures to be followed when reassignment is based on an officer's failure or inability to satisfactorily perform the duties of an advanced pay grade. (See *Los Angeles Police Protective League v. City of Los Angeles* (2001) 94 Cal.App.4th 77, 83 [113 Cal.Rptr.2d 909] for a summary of these procedures.)

---

[1]The Department is authorized to administer policies regarding reduction in pay grade and deselection from bonus positions under the Los Angeles City Charter section 1070, subdivision (n).

[2]This case involves only the last of these conditions: an officer's failure or inability to satisfactorily perform duties. (See *White v. County of Sacramento* (1982) 31 Cal.3d 676, 679, fn. 3 [183 Cal.Rptr. 520, 646 P.2d 191].)

Under the Public Safety Officers Procedural Bill of Rights Act (Gov. Code, § 3300 et seq.), a public agency must provide a nonprobationary officer with an opportunity for administrative appeal from any punitive action. (Gov. Code, § 3304, subd. (b).) ■ Reassignment of an officer to a lower pay grade for deficient performance constitutes punitive action within the meaning of this section. (*White v. County of Sacramento, supra*, 31 Cal.3d 676, 683; *Giuffre v. Sparks* (1999) 76 Cal.App.4th 1322, 1332 [91 Cal.Rptr.2d 171].) "An administrative appeal instituted by a public safety officer under this chapter shall be conducted in conformance with rules and procedures adopted by the local public agency." (Gov. Code, § 3304.5.)

In accordance with this mandate, on November 15, 2000, the City of Los Angeles and Chief of Police Bernard Parks (the City) promulgated Administrative Order No. 15, setting out the procedure for administrative challenges by Los Angeles public safety officers who have been reassigned to lower pay grades or deselected from bonus positions.

On November 22, 2000, the Los Angeles Police Protective League (the League), in its representative capacity on behalf of City's public safety officers, brought this declaratory relief action challenging the constitutionality of that order. The League took the position that the requirement that its members cannot be reassigned or deselected without good cause creates a property interest in their advanced pay grades and bonus positions, entitling them to due process under the state and federal Constitutions before they can be deprived of these positions. The League sought a declaration that the appeal procedure in Administrative Order No. 15 fails to satisfy the minimum requirements for due process by placing the burden of proof upon the public safety officer rather than the Department and by failing to provide a full and fair evidentiary hearing before a neutral fact finder.

The parties agreed that no disputed material facts existed, and the matter was heard on cross motions for summary judgment or summary adjudication of issues. The trial court found the officers did not have a property interest in their pay grades and bonus positions which would invoke due process rights under the state and federal constitutions, and that the procedures in Administrative Order No. 15 satisfied the minimum due process protections required under the Public Safety Officers Procedural Bill of Rights. Summary judgment was entered in favor of the City, and the League appeals.

DISCUSSION

I

 The threshold issue is whether City's officers hold a property interest in their pay grades. Under the Fourteenth Amendment to the United States Constitution, no state shall "deprive any person of life, liberty, or property without due process of law." Similarly, article I, section 15 of the California Constitution provides that "Persons may not . . . be deprived of life, liberty, or property without due process of law." If, as the League argues, its members have a property interest in their pay grades, they are constitutionally entitled to procedural due process before such interest may be lost.

This precise issue was presented and decided in the unpublished decision by Division Seven of this district in *Cooper v. City of Los Angeles* (July 16, 2001, B142714). In that case against the City and its police chief, Kelly Cooper, challenged his reduction in pay grade from Police Detective II to Police Detective I on several grounds, including a challenge to the adequacy of the administrative procedure afforded him. The City argued that Cooper's pay grade did not embody a property interest and therefore did not entitle him to the due process protections accorded a property interest.

Division Seven expressly disagreed, holding: "Cooper has a property interest in his pay grade arising from the Police Department Manual section 763.60. Under section 763.60, an officer cannot be reassigned to a lower pay grade arbitrarily or without cause. To suffer a reassignment, the officer must demonstrate a failure to satisfactorily perform the duties of the pay grade position, be counseled regarding the poor performance and be afforded an opportunity to improve. Only after the officer 'continues to demonstrate a failure to satisfactorily perform' can the supervisor institute proceedings to downgrade the officer. [Citation.] The 'Exception' to section 763.60 like-wise imposes restrictions upon the decision maker. To invoke the exception the officer must 'clearly demonstrate [*sic*] failure or inability to perform' his or her duties, and the performance failure must 'indicate the need for immediate reassignment.' In our view, section 763.60 does more than create an entitlement to an administrative appeal process. By providing an officer may suffer a reduction in pay grade for certain specified reasons and under limited certain conditions, section 763.60 implicitly restricts the Depart-ment's authority to initiate a 'reduction in pay grade' to the specified reasons. The limitations Section 763.60 imposes on the Department's ability

to act give rise to a property interest subject to due process protections." (*Cooper v. City of Los Angeles, supra*, B142714.)

As an unpublished opinion, *Cooper* may not be cited as precedent. (Cal. Rules of Court, rule 977(a).) But an unpublished opinion may be cited or relied upon when it is relevant under the doctrine of collateral estoppel. (Cal. Rules of Court, rule 977(b)(1).) That doctrine is applicable here.

■ "Collateral estoppel precludes a party from relitigating in a second proceeding the matters litigated and determined in a prior proceeding. The requirements for invoking collateral estoppel are the following: (1) the issue necessarily decided in the previous proceeding is identical to the one that is sought to be relitigated; (2) the previous proceeding terminated with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party to or in privity with a party in the previous proceeding. [Citation.]" (*Coscia v. McKenna & Cuneo* (2001) 25 Cal.4th 1194, 1201, fn. 1 [108 Cal.Rptr.2d 471, 25 P.3d 670].)

■ These requirements are squarely met. The issue decided in *Cooper*, that a reduction in pay grade or reassignment pursuant to Department Manual section 763.60 gives rise to a property interest for purposes of due process, is identical to the issue presented in our case. The judgment in the *Cooper* case is final for all purposes. And the party against whom collateral estoppel is being asserted, respondents City of Los Angeles and its police chief, were parties in the *Cooper* case. We give collateral estoppel effect to the holding in *Cooper* that a reduction in pay grade or reassignment from bonus position constitutes a property interest subject to due process protections.

II

■ We turn to the question that was not decided in *Cooper*: whether the procedures set out in Administrative Order No. 15 satisfy the requirements of due process.

■ "[D]ue process is the opportunity to be heard at a meaningful time and in a meaningful manner. [Citations.] It is a flexible concept requiring accommodation of the competing interests involved, and its procedural requisites necessarily vary depending on the importance of the interests involved and the nature of the controversy. [Citations.]" (*Burrell v. City of*

*Los Angeles* (1989) 209 Cal.App.3d 568, 576 [257 Cal.Rptr. 427].) " '[W]hen governmental agencies adjudicate or make binding determinations which directly affect the legal rights of individuals, it is imperative that those agencies use the procedures which have traditionally been associated with the judicial process.' " (*Oberholzer v. Commission on Judicial Performance* (1999) 20 Cal.4th 371, 391, fn. 16 [84 Cal.Rptr.2d 466, 975 P.2d 663], quoting *Hannah v. Larche* (1960) 363 U.S. 420, 442 [80 S.Ct. 1502, 1514, 4 L.Ed.2d 1307].)

 The League argues that the appeal procedure set up by the City fails to meet these standards, in part because it places the burden of proof on the officer, rather than the Department. "It is axiomatic, in disciplinary administrative proceedings, that the burden of proving the charges rests upon the party making the charges." (*Parker v. City of Fountain Valley* (1981) 127 Cal.App.3d 99, 113 [179 Cal.Rptr. 351].) "The obligation of a party to sustain the burden of proof requires the production of evidence for that purpose." (*Ibid.*)

Section VIII of Administrative Order No. 15 improperly allocates the burden of proof. It provides: "In all cases, *the Department bears no burden of proof in the hearing.* Evidence is not required but may be taken from the Department. [¶] The Department may present a case at its discretion. Should the Department elect to present a case, notice of this decision must be given to the appellant and/or his or her representative and/or attorney no later than two business days prior to the date of the hearing. The hearing officer may request specific information from the Department, but may not compel the Department to present its case. *Notwithstanding a decision by the Department to present a case, it bears no burden of proof in the hearing.*" (Italics added.) This provision is plainly inconsistent with the due process requirement that the Department bear the burden of proving the charges.

Where a peace officer is subjected to a disciplinary reassignment or reduction in pay grade, he or she is entitled to a full evidentiary hearing, including sworn testimony, cross-examination of witnesses, and presentation of argument by the public agency to which the officer could respond. (*Giuffre v. Sparks, supra,* 76 Cal.App.4th at p. 1330.)

Administrative Order No. 15 does not comport with this requirement. It provides that the sole purpose of a hearing involving sworn employees "is to provide the employee an opportunity to establish a formal record of the circumstances surrounding the reason for the discipline and to attempt to

convince the Department to reverse or modify its decision either by demonstrating the falsity of the charges which led to the punitive action, or through proof of mitigating circumstances." (§ VIII, subd. B.) There is no requirement that the Department establish the requirements for reducing the officer's pay grade as set out in Department Manual sections 763.55 and 763.60, and no requirement that it present any evidence at all. The administrative order fails to afford the minimal procedural safeguards needed to protect an officer's property interest.

The League also argues that the officer's due process right to a full and fair evidentiary hearing before a neutral fact finder is not satisfied because the chief of police is the person who initiates the decision to reduce an officer's advanced pay grade or deselect the officer from a bonus position, and also the person who renders the final decision whether to uphold that decision. "[T]he right to a fair and impartial tribunal is not violated by permitting the official who makes the initial disciplinary decision to have the final say in the matter." (*Burrell v. City of Los Angeles, supra,* 209 Cal.App.3d 568, 579.) There is no due process violation inherent in the fact that the chief of police imposes the initial discipline and renders the final decision whether to uphold the decision.[3]

In its reply brief, the League asks that we find a due process violation based on a recent Supreme Court case: *Haas v. County of San Bernardino* (2002) 27 Cal.4th 1017 [119 Cal.Rptr.2d 341, 45 P.3d 280]. *Haas* addressed the need to disqualify a hearing officer based on pecuniary interest. The League asserts that the hearing officers in the Department are a "captive group of the Department's managers whose future financial interests are subject to considerable influence by only one party to the process, the Department." That issue was not raised in the trial court, and we decline to address it in the first instance on appeal.

We conclude that the City's police officers hold a property interest in their advanced pay grades and bonus positions, and may not be deprived of their property interest without due process of law. Administrative Order No. 15, which provides the appeal process for an officer's challenge to a punitive

---

[3]Administrative Order No. 15 does not require that the final decision rendered by the chief of police be based on the criteria set out in the Department Manual, nor does it require the chief of police to consider the record of the hearing. The absence of such requirements may further impair the procedural adequacy of Administrative Order No. 15 (see *Vollstedt v. City of Stockton* (1990) 220 Cal.App.3d 265, 275-277 [269 Cal.Rptr. 404]) but that issue is not presented and therefore is not decided in this appeal.

reduction in pay grade or involuntary reassignment, does not satisfy the requirements of procedural due process because it relieves the Department of any burden of proof as to the good cause for the Department's action, and relieves the Department of the obligation to present evidence in support of its action. For these reasons, summary judgment was improperly granted to the City.

## DISPOSITION

The judgment is reversed, and the trial court is directed to grant appellant's motion for summary adjudication consistent with this opinion. Appellant is to have its costs on appeal.

Vogel (C. S.), P. J., and Curry, J., concurred.

Respondents' petition for review by the Supreme Court was denied January 15, 2003.